## COMMERCIAL CASUALTY INSURANCE COMPANY *v.* CONSOLIDATED STONE COMPANY.

No. 75. Argued November 27, 1928.—Decided January 2, 1929.

*Mr. Rees H. Davis,* with whom *Mr. Paul Lamb* was on the brief, for the Commercial Casualty Insurance Company.

*Mr. Norman A. Emery,* with whom *Mr. Union C. DeFord* was on the brief, for the Consolidated Stone Company.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

We here are concerned with a certificate wherein the Circuit Court of Appeals for the Sixth Circuit, pursuant to § 346, Title 28, United States Code, propounds a question of law arising in a case pending in that court.

The material facts are: A corporation of Indiana brought a transitory action at law against a corporation of New Jersey in a federal district court in Ohio. That court's jurisdiction was invoked only on the ground that the parties were citizens of different States; and the value of the matter in controversy was in excess of the statutory requirement. The defendant was doing business in Ohio and, in accord with the state law, had designated a local agent upon whom process against it might be served. Summons was duly served within the district upon that agent. The defendant neither appeared nor answered within the period limited therefor, and judgment went against it by default. Later in the same term the defendant moved that the judgment be vacated and the action dismissed because the action was brought in a district in which neither party resided. That motion was denied. The defendant then moved that the judgment be vacated, and leave to defend be granted, on the asserted ground that the summons, although forwarded by the agent to the defendant's home office, had been overlooked. That motion also was denied. The defendant then sued out a writ of error from the Circuit Court of Appeals. The certificate—after eliminating the ruling on the second motion—says of the asserted basis of the first motion:

" Familiar cases say that this defect in the jurisdiction pertains to the venue, and defendant may either insist upon it or may waive it. In this case there was neither affirmative insistence nor affirmative waiver. Defendant allowed the time for effective objections to expire and did nothing."

Shortly stated, the question propounded is whether it was open to the defendant, after permitting the cause to proceed to judgment by default, to object that the action was not brought in the district of the residence of either party.

The pertinent statutes are sections 41 and 112, Title 28, United States Code. One provides that district courts shall have " original jurisdiction " of certain classes of civil suits, including suits " between citizens of different States " where the value of the matter in controversy, exclusive of interest and costs, exceeds $3,000. The other provides that " where the jurisdiction is founded only on the fact that the action is between citizens of different States; suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

These provisions often have been examined and construed by this Court. Summarized, the decisions are directly to the effect that the first provision invests each of the district courts with general jurisdiction of all civil suits between citizens of different States, where the matter in controversy is of the requisite pecuniary value; and that the other provision does not detract from that general jurisdiction, but merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.[1]

The decisions also make it plain that the privilege must be " seasonably " asserted; else it is waived.[2] Whether there was a seasonable assertion in the present case is the real question to be determined.

We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and

---

[1] Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 655 and cases cited; Peoria & Pekin Union Ry. Co. v. United States, 263 U. S. 528, 535–536; Panama R. R. Co. v. Johnson, 264 U. S. 375, 383–385; Seaboard Rice Milling Co. v. Chicago, Rock Island & Pacific Ry. Co., 270 U. S. 363, 365; Great Northern Ry. Co. v. Galbreath Cattle Co., 271 U. S. 99, 102–103.

[2] Martin v. Baltimore & Ohio R. R. Co., 151 U. S. 673, 688; In re Keasbey and Mattison Co., 160 U. S. 221, 229–231; General Investment Co. v. Lake Shore Ry. Co., 260 U. S. 261, 273.

challenging the merits. In ordinary course, when that period expires the defendant either will have appeared generally for the purpose of contesting the merits or by suffering a default will have assented that his adversary's allegations be taken as confessed for the purposes of judgment. In either event the suit will have reached the stage where attention must be given to the merits. In common practice objections to venue are presented and acted upon at an earlier stage; and this, so far as we are advised, is true of the elective privilege here in question. No adjudged case is cited in which a different practice is either sustained or shown. To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion.

It was apparent on the face of the plaintiff's petition that jurisdiction was grounded solely on diversity of citizenship and that the suit was brought in a district of which neither party was a resident. The defendant, although duly served with a proper summons apprising it of the time within which it was required to appear and answer, permitted that time to elapse without making any objection to the venue, or place of suit, by motion, pleading or otherwise.

The Ohio practice statute prescribes that all objections thus appearing when so neglected shall be deemed to have been waived, " except only that the court has no jurisdiction of the subject matter of the action and that the petition does not state facts which show a cause of action." Ohio Gen. Code, sec. 11311.

Here the objection was not that the court was without jurisdiction of the subject matter of the suit, but that the suit was not brought in the district of the residence of either party—a waivable matter of venue only.[8]

---

[8] *Peoria & Pekin Union Ry. Co.* v. *United States, supra.*

Our conclusion is that the objection was not seasonably made and therefore that under our decisions, as also the Ohio statute, it was waived. The question before stated must be answered in the negative. A second or alternative question is propounded in the certificate, but an answer to it is rendered unnecessary by the answer to the other.

*Question No. 1, Answered No.*