## GRAVER TANK & MANUFACTURING CORPORATION v. NEW ENGLAND TERMINAL CO.

### No. 3734.

Circuit Court of Appeals, First Circuit.

Jan. 30, 1942.

Hoyt W. Lark, of Providence, R. I. (Henry C. Hart and Hart, Gainer & Carr, all of Providence, R. I., and Paul Webb, of New Haven, Conn., on the brief), for appellant.

Wm. A. Gunning, of Providence, R. I. (Charles P. Sisson, of Providence, R. I., Bigham, Englar, Jones & Houston, of New York City, and Brickley, Sears & Cole, of Boston, Mass., on the brief), for appellee.

Before MAGRUDER and WOODBURY, Circuit Judges and FORD, District Judge.

### WOODBURY, Circuit Judge.

The plaintiff-appellee, a corporation organized under the laws of the State of Delaware but having its principal place of business in the State of Rhode Island, brought in the District Court of the United States for the District of Rhode Island on November 4, 1933, an action of trespass on the case for negligence against the defendant which it described in its writ as a corporation organized and existing under the laws of the State of Illinois. Service was made on the defendant's secretary and treasurer, who at the time was in Rhode Island investigating the accident for the results of which this action was brought. Within ten days after entry the defendant, appearing specially, filed a plea in abatement grounded on the allegation that "at the time of the commencement of this action and now, it was and is a corporation organized under the laws of the State of Indiana and is not and was not at the time of the commencement of this action a corporation organized and existing under the laws of the State of Illinois." In response to this plea the plaintiff moved for leave to amend and thereupon counsel for the parties stipulated that "the plaintiff's writ and declaration may be amended by striking out in any description of the state where the defendant is incorporated the word 'Illinois' and interlining in place thereof the word 'Indiana'".

On April 27, 1934, the defendant, still appearing specially, moved to quash the writ, vacate the return of service, and dismiss. The first paragraph of this motion reads:

"First: At the time said writ of summons was issued and served said defendant was a citizen and resident of the State of Indiana and was not present in the State and District of Rhode Island so as to subject it to suit therein."

The remaining paragraphs of this motion contain allegations of insufficiency in the service of the writ.

On January 22, 1935, the defendant, again "appearing specially for the purpose of this motion only and without submitting itself to the jurisdiction of this court", moved to dismiss on the ground that "it appears from the declaration filed in this cause that the jurisdiction of this court depends on diversity of citizenship and that said diversity is not shown for that neither plaintiff nor defendant is a citizen or resident of the State or District of Rhode Island but that the plaintiff is a citizen of the State of Delaware and the defendant is a citizen of the State of Indiana."

After hearing, the District Court on April 26, 1935, denied the defendant's motions of April 27, 1934, and January 22, 1935, and on June 27, 1935, the defendant, still appearing specially, filed a special demurrer in which, after adverting to the citizenship of the parties, it for the first time specifically asserted that the District Court lacked "jurisdiction over the defendant in this action under the terms of Section 51(a) of the United States Judicial Code as amended [28 U.S.C.A. § 112(a)]." The District Court, after hearing, overruled this demurrer on the ground that the defendant had not seasonably asserted the personal privilege conferred upon it by Section 51(a), supra, and the defendant excepted. Thereafter there was a trial by jury which resulted in a verdict for the plaintiff.

The only point relied upon in this appeal is "that the court was without jurisdiction in this action in that it appears that its jurisdiction is founded only on [the] fact that the action is between citizens of different states while contrary to the venue provisions of Section 51 of the Judicial Code of the United States of America, 28 U.S.C.A. § 112, the suit has been brought in the District of Rhode Island where neither the plaintiff nor the defendant were residents."

■ The Supreme Court of the United States in the recent case of Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 169, 60 S. Ct. 153, 154, 84 L.Ed. 167, 128 A.L.R. 1437, succinctly stated the applicable rule and its history as follows:

"The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts. After a period of confusing deviation it was firmly reestablished in General Investment Co. v. Lake Shore Ry Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244, and Lee v. Chesapeake & Ohio Ry. Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443, overruling Ex parte Wisner, 203 U.S. 449, 27 S.Ct. 150, 51 L.Ed. 264, and qualifying In re Moore, 209 U.S. 490, 28 S.Ct. 585, 706, 52 L.Ed. 904, 14 Ann.Cas. 1164. All the parties may be non-residents of the district where suit is brought. Lee v. Chesapeake & Ohio Ry Co., supra. Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.' Commercial Cas. Ins. Co. v. [Consolidated] Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252.

"Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. Commercial Ins. Co. v. [Consolidated] Stone Co., supra."

The jurisdiction of the District Court of Rhode Island—its "power to adjudicate" the controversy between the parties to this action—a matter which is "beyond the scope of litigants to confer", is clear for the reason that the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the statutory amount.

■ The question at issue in this case is one of venue or "place where judicial authority may be exercised"—a matter of personal privilege—which, as appears above, may be waived or "lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." The plaintiff takes the position, first, that the defendant had consented under the rule enunciated in Neirbo Co. v. Bethlehem Corp., supra, to suit in Rhode Island by doing business there even though, unlike the defendant in the Neirbo case, it had not complied with the provisions of the state law[1] by filing in the office of the secretary of state a written power appoint-

---

[1] General Laws of R.I. (1923) c. 248, § 65.

ing an agent for service of process, and, second, that it had not seasonably asserted its privilege of immunity from suit in that jurisdiction. Since we agree with the court below that the second position is well taken we need not consider the first one.

The defendant's plea in abatement on the ground of misdescription was timely, and in addition it served an essential purpose in that it established the true factual foundation upon which to base a subsequent plea or motion directed to the question of venue. Therefore the defendant, having appeared specially in order to make its plea in abatement, cannot in justice be said to have waived its rights by doing so. Following this, however, the defendant, on April 27, 1934, elected to raise the question of the sufficiency of the service of the original process upon it. It did not at this time, as it contends, raise the question of venue. We cannot so construe the above quoted first paragraph of the motion in which no mention is made of the citizenship of the plaintiff. Considered as a whole the motion, including its first paragraph, was directed to the question of the sufficiency of the service made upon the defendant and counsel and the court appear to have so regarded it. Had counsel for the defendant really wished to raise the question of venue under Section 51 at this stage of the proceedings they could readily have done so in clear and explicit terms as they did later in their special demurrer. In fairness we must say that the question of venue, at the earliest, was not raised until January 22, 1935, and then it was too late.

 The Supreme Court of the United States in Seaboard Rice Milling Co. v. Chicago, etc., Railway Co., 270 U.S. 363, 365, 46 S.Ct. 247, 70 L.Ed. 633, referring to the privilege granted by Section 51 of the Judicial Code, said "If this privilege is seasonably asserted, the suit must be dismissed for want of jurisdiction over the person of the defendant." See, also, Burn-rite Coal Briquette Co. v. Riggs, 274 U.S.

208, 211, 47 S.Ct. 578, 71 L.Ed. 1002. From this it follows that the privilege must be asserted at the earliest practicable moment. Otherwise a defendant could take up the time of his opponent in preparing for trial and the time of the court in trying various preliminary questions and then render all of no avail by insisting upon a change of venue. And, if the defendant should be allowed to prevail, that would be the situation presented here. It raised the issue of the sufficiency of service in April, 1934, and thus forced the plaintiff, at considerable expense, to take depositions in a distant city in preparation for a trial on that issue. We see no reason for, or justice in, a rule of procedure which would permit it thereafter to cause all that time and expense to go for naught. See Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D. C., 31 F.Supp. 403, 408.

The defendant relies upon a statement of the Supreme Court of the United States in Commercial Cas. Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252, to the effect that "We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits." Its reliance is misplaced. All that the sentence quoted above means is that in any case the privilege cannot be asserted after time for pleading to the merits has gone by; it does not mean that an assertion of the privilege is necessarily seasonable if made at any time before that stage in the pleading is reached. While there may be cases in which a plea or motion directed to the question of venue would be seasonable if made at any time before the period allowed for pleading to the merits had elapsed, this case, for the reasons pointed out earlier in this opinion, is not one of them.[2]

The order of the District Court overruling the defendant's special demurrer is affirmed, with costs to the appellee.

[2] The waiver in this case was accomplished before the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We intimate no opinion as to whether Rule 12(b), had it been applicable, would have produced a different result.