**STEELE v. DENNIS et al.**
**LEWIS v. SAME.**

Civ. A. Nos. 2453, 2454.

District Court, D. Maryland.

July 20, 1945.

Hilary W. Gans, of Baltimore, Md., and Robert E. Lynch, of Washington, D. C., for plaintiff.

Clater W. Smith, of Baltimore, Md., for defendant Robert V. Dennis.

Robert E. Coughlan Jr., of Baltimore, Md., for defendant Langenfelders.

CHESNUT, District Judge.

The above cases are suits for personal injuries growing out of a collision between two automobiles on a Maryland highway on October 23, 1944. In each case the defendant, Robert V. Dennis, has filed a motion to dismiss the suit against him on

74

the ground that although he was personally served with process in Maryland, he is a non-resident of the State, being a citizen of the State of Arkansas and having a permanent residence at Little Rock in that State; and that while driving one of the automobiles on a Maryland road at the time of the accident, he was in Maryland only because he was a member of the United States Naval Air Force and was stationed temporarily at the U. S. Naval Air Station at Patuxent, Maryland, where he had been since September 1944.

The plaintiff in case No. 2453 is a citizen of the State of Kansas, and in case No. 2454 the plaintiff is a citizen of the State of California. It appears from the pleadings and statement of counsel at the hearing on the motions that the collision occurred while the defendant Dennis was driving a passenger automobile which collided with a parked truck owned by the defendants George and C. J. Langenfelder, who are citizens of the State of Maryland. The plaintiffs were passengers in the automobile driven by the defendant Dennis.

■■ The motions to dismiss are based on 28 U.S.C.A. § 112, relating to federal venue, which provides that "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In both instant cases, neither the plaintiff nor the defendant Dennis is an inhabitant of this Maryland district. As the jurisdiction of the court in these cases is based only on diverse citizenship, the section clearly is applicable and entitled the defendant Dennis to a dismissal of the suit against him unless he has expressly by his conduct or by implication of law, *consented* to the venue jurisdiction. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997. It has been held in many cases that this restriction on venue is only for the personal convenience of the defendant and may be waived by him either expressly or impliedly. Commercial Casualty Ins. Co. v. Consolidated Stone Co. 6 Cir., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252.

There is no contention that the defendant has expressly waived the point but counsel for the plaintiffs contend that by virtue of the applicable Maryland statute, Md.Ann. Code 1943 Supp. Art. 66½, § 106, there has been an implied waiver in law. The statute referred to is one of a now well-known class of state statutes which provides in effect that non-resident motorists by their use of Maryland highways, consent to be sued by a service of process upon the Secretary of State as their attorney for causes of action growing out of any accident or collision in which they may be involved while operating a motor vehicle on the State highway. The statute provides, subsection (a), that the process in any such suit may be served on the Secretary of State and "shall be sufficient service upon the said non-resident individual, firm or corporation, and have full force and effect in any court and before any Justice of the Peace or Trial Magistrate of this State." There are other procedural provisions with respect to the forwarding of the notice to the non-resident or service of copy of the papers upon him in another jurisdiction.

In the instant case the particular type of service authorized by the statute has not been resorted to because the defendant Dennis has been personally served in Maryland by the Marshal of the court; but the contention of counsel for the plaintiffs is that the voluntary use of the Maryland highways by the defendant evidences his consent to be sued in Maryland courts and likewise this federal court in Maryland.

■ The provision of section 112(a) is derived from the Acts of March 3, 1887 and August 13, 1888 which superseded the Act of March 3, 1875 which permitted suits not only against inhabitants, but also where the defendants were "found" in the district. In the recent Supreme Court case of Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, it was said that the elimination by the act of 1887 of the alternative "found" provision had no proper bearing on the previously well-established principle that the defendant in a diverse citizenship case, could waive the statutory provision for his benefit and that the privilege to rely upon it might be lost by failure to assert it seasonably, by formal submission in a case, or by submission through conduct. Accordingly it was determined that in a suit by a non-resident against a foreign corporation the latter's compliance with a State statute requiring the appointment of a resident agent for service in suits in the State constituted a *consent* to be sued either in the State or

federal courts of the State. The decision was largely based on Chief Justice Waites' opinion in Ex parte Schollenberger, 96 U.S. 369, 376, 24 L.Ed. 853, which arose under the earlier Act of 1875. In the latter case it was said: "It was insisted in argument that the statute confines the right of suit to the courts of the State; but we cannot so construe it. There is nothing to manifest such an intention; and the object of the legislature evidently was to relieve the citizens of Pennsylvania from the necessity of going outside of the State to secure judicial redress upon their contracts made with foreign insurance companies, it is but reasonable to suppose that they were entirely at liberty to select the court in the State having jurisdiction of the subject matter, which, in their judgment, was the most convenient and desirable. * * * While the Circuit Court may not be technically a court of the Commonwealth, it is a court within it; and that, as we think, was all the legislature intended to provide for."

Both the Schollenberger and Neirbo cases dealt with suits against foreign corporations, and much of the discussion is therefore applicable to corporations rather than individuals. But after a careful re-reading of the Neirbo case I conclude that it is applicable in principle to the instant case. The precise question presented is whether by his use of the Maryland highways, in accordance with the Maryland statute, the defendant has consented to be sued in this federal court. Clearly by statute he has consented to be sued in the State court by the form of service prescribed by the Act. No point has been made here that personal service on a defendant in this State is less effective as bearing on consent than if the less direct form of service authorized by the Act had been had. I think it logically follows from the principle of the Neirbo and Schollenberger cases that the defendant's consent to be sued in the federal court is implied from his voluntary use of the Maryland highways.

It has been held in a number of recent federal decisions that service on a non-resident motorist in accordance with State statutes of the pattern of the Maryland statute are effective in suits brought in the federal court against such non-residents. O'Donnell v. Slade, D.C.Pa., 5 F.Supp. 265; Williams v. James, D.C.La., 34 F.Supp. 61, 70. See also Malkin v. Arundel Corp., D.C.Md., 36 F.Supp. 948; Vogel v. Crown Cork & Seal Co., D.C.Md., 36 F.Supp. 74; Bennett

v. Standard Oil Co. of New Jersey, D.C. Md., 33 F.Supp. 871; International Union v. Tennessee Copper Co., D.C.Tenn., 31 F. Supp. 1015. But the case that is the most directly in point is Krueger v. Hider, D.C. S.C., 48 F.Supp. 708, 710, where a non-resident motorist was sued in the district court of South Carolina by a non-resident of the State on a cause of action arising on the highways of the State. The applicable South Carolina statute was generally similar to the Maryland statute. In the opinion District Judge Waring held that the defendant had waived the privilege of the federal venue statute, 28 U.S.C.A. § 112(a), by the use of the State highways. He said: "This statement of law might have been seriously questioned before the decision in the Neirbo case hereinabove cited, but since the decision in that case it appears to me to be an inescapable and sound conclusion."

■■ As we are dealing here with a statute which was designed only for the convenience of the defendant, it seems appropriate to consider some practical aspects of the situation. Although a citizen of Arkansas the defendant has for some time past been in the Naval Service of the United States, subject of course, to transfer from place to place in accordance with the exigencies of the government. At the time of the accident he was not merely in transit through the State as he had been stationed in Maryland for some weeks theretofore and was still in the State at the time of the bringing of the suit. No question has been presented to the court with respect to the defendant's rights or privileges under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix § 501 et seq. With regard to the defendant's convenience, it is indisputable that he could be sued by the plaintiffs in a Maryland State Court. If so sued as a non-resident he might wish to remove the case to this federal court. This he could do, where the amount in controversy, as in these cases, exceeds $3,000, if he were sued independently and without the joinder of his co-defendants in these cases. But if they were also joined with him as defendants in a suit in the State court, it is at least very doubtful whether he would have that right of removal, as under the pleadings before the court there would seem to be no clearly separable controversy. Still another comment may be deemed relevant. At the hearing on the motion counsel for the co-defendants, the Langenfelders, who are

Maryland citizens, stated that if the motions to dismiss made by the defendant Dennis should be sustained, a petition would possibly be filed to nevertheless bring Dennis into the cases as a third-party defendant under rule 14(a) of the new Federal Rules of Civil procedure, 28 U.S. C.A., following section 723c. Whether this could effectively be done is, of course, unnecessary to now decide. There is at least some basis for the contention that it might be done. See Malkin v. Arundel Corporation, D.C.Md., 36 F.Supp. 948; Lesnik v. Republic Industrial Corporation, 2 Cir., 144 F.2d 968, 973, 975, 977; Vol.I, Moore's Federal Practice, pp. 741, 742, and Supp. p. 749 et seq.

I conclude that the motions in both cases to dismiss must be overruled. Counsel may present the appropriate orders in due course.