**MISSION BEVERAGE CO., Inc., v. PORTER, Price Administrator.**
**Civil Action No. 2787.**

District Court, N. D. New York.
May 31, 1947.

Mangan, Mangan & Heath, of Binghamton, N. Y., for plaintiff.

Joseph I. Butler and Alfred L. Spagnola, both of Syracuse, N. Y., for defendant.

KAMPF, District Judge.

The plaintiff herein has moved for a temporary injunction. The defendant has made a cross-motion for dismissal of the complaint on several grounds, including that: (1) This action has not been brought within the time allowed by statute; (2) the plaintiff has not exhausted its administrative remedies; (3) the venue is improper; and (4) this court lacks jurisdiction over the person of the defendant.

1. Was the action brought within the time allowed by statute?

The action arises out of a suspension order issued by a Hearing Commissioner of the Office of Price Administration after a hearing. The order suspended the right of the plaintiff, an industrial user of sugar, from using or acquiring sugar in connection with its business as a manufacturer of soft drinks. "Commencing at 12:01 a. m. on December 16, 1945, and shall continue so long thereafter as sugar may be rationed or at least until the total overage use of 548017 (lbs.) has been equalled by the due issuance to it of sugar ration currency in that amount."

The order was predicated upon evidence and upon plaintiff's own admission that it had illegally diverted into unauthorized channels the amount of said overage, thereby depriving the public of the use thereof. The suspension order was dated November 19, 1945, and signed by John O. Rourke,

Hearing Commissioner. Upon a subsequent motion for a rehearing, the Commissioner, on December 14, 1945, issued a further order staying the original suspension order "until further hearing and determination." A rehearing was had before the Commissioner at Scranton, Pennsylvania, by mutual consent of the attorneys for the plaintiff and the attorneys for the enforcement division of the Office of Price Administration, at which rehearing the plaintiff produced evidence of economic hardship both upon itself and upon the communities which it served in the event the suspension order were not vacated or modified. As a result thereof, the Hearing Commissioner, by an order dated January 31, 1946, continued the stay on the original suspension order indefinitely. The attorneys for the enforcement division of the Office of Price Administration appealed from this order of the Commissioner to the Hearing Administrator, and the latter by order dated May 9, 1946, vacated the suspension order above referred to.

The complaint in this action treats very lightly of the plaintiff's application for rehearing which followed, simply stating, "* * * thereupon, Charles L. Ferguson, Hearing Administrator, by order dated May 9, 1946, vacated the suspension order referred to, *and denied a motion for rehearing under date of June 19 1946.*" (Emphasis supplied)

The order denying the rehearing issued under date of June 19, 1946, was a disposition of the first application made by the plaintiff to the Hearing Administrator for a review of his own order. Not satisfied with the denial of its first application for a rehearing before the Administrator, the plaintiff made a second application before the Administrator seeking a rehearing and for an annulment or modification of the Administrator's order of May 9, 1946. That application was denied by the order of the Administrator, dated December 10, 1946. Following the denial of the plaintiff's second application, it instituted this action by filing its complaint with the clerk of the court on December 16, 1946.

The statute under which this action proceeds reads as follows:

"(g) The district courts shall have exclusive jurisdiction to enjoin or set aside, in whole or in part, orders for suspension of allocations, and orders denying a stay of such suspension, issued by the Administrator pursuant to section 2(a) (2) of the Act of May 31, 1941, and title III of the Second War Powers Act, 1942, and under authority conferred upon him pursuant to section 201(b) of this Act. Any action to enjoin or set aside such order shall be brought within five days after the service thereof. No suspension order shall take effect within five days after it is served, or, if an application for a stay is made to the Administrator within such five-day period, until the expiration of five days after service of an order denying the stay. No interlocutory relief shall be granted against the Administrator under this subsection unless the applicant for such relief shall consent, without prejudice, to the entry of an order enjoining him from violations of the regulation or order involved in the suspension proceedings." Emergency Price Control Act, § 205(g), section 108(e) of the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 925(g).

It thus becomes apparent that this plaintiff should have brought the instant action five days after the service of the original suspension order, or the subsequent order of the Hearing Administrator, which vacated the stay of the original suspension order and reinstated it. According to the supporting affidavit filed with the defendant's cross motion, the original suspension order of November 19, 1945, was served upon the plaintiff in December 1945, and the subsequent order of the Hearing Administrator, dated May 9, 1946, was duly served upon the plaintiff on May 15, 1946. This court concludes that this action should have been commenced within five days from May 15, 1946, and failing in that respect, that it cannot now be heard.

The plaintiff contends that the statute should be so construed as to permit commencement of an action within a period of five days following service of the order denying its second application for a rehearing. With that contention this court fails to agree. Were the contention of the plain-

tiff to prevail, the five day limitation in that statute would become meaningless, because a party could assume the power to indefinitely prolong the time within which an action of this type might be brought by successive applications for rehearing. Assuming for the purpose of argument that the contention of the plaintiff is correct, and that the time within which this action might be brought is five days from the service of an order denying an application for a rehearing, this action is still not timely because the plaintiff made an application for a rehearing which was finally denied on June 19, 1946, and this action was not commenced until on or about February 13, 1947.

2. This court is of the further opinion that the plaintiff did not exhaust its administrative remedies.

■ The statute above quoted is implemented by procedural regulations. Section 5 of the Administrator's Revised Procedural Regulation No. 4 permits a dealer against whom a suspension order has been issued by a Hearing Commissioner to appeal to the Hearing Administrator within ten days from the date of such suspension order. Section 5.5 of the same regulation provides for an application to stay the suspension order pending the outcome of the appeal thus taken. Upon appeal the Hearing Administrator is empowered to affirm, reverse or modify the action of the Hearing Commissioner. There is nothing before this court to indicate that the plaintiff ever attempted to avail itself of the right to appeal thus secured. The suspension order was issued November 19, 1945, and while a temporary stay was granted almost immediately, and a further stay secured upon reapplication to the Hearing Commissioner, nevertheless, a suspension order had been made and issued, and it was the right and the duty of the plaintiff, if it considered itself aggrieved by the suspension order, to appeal its provisions under the regulation rather than rely upon the indefinite security of the Commissioner's stay of its provisions.

Before a person aggrieved by an administrative order can apply to a court for re-lief therefrom, he must first exhaust all administrative remedies which are made available to him. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, at page 51, 58 S.Ct. 459, 82 L.Ed. 638; Lockerty v. Phillips, U. S. Attorney, 319 U.S. 182, at page 188, 63 S.Ct. 1019, 87 L.Ed. 1339; Illinois Commerce Commission v. Thomson, 318 U. S. 675, at page 686, 63 S.Ct. 834, 87 L.Ed. 1075; Baldwin v. Bowles, D.C., 57 F. Supp. 637.

3. This court is also of the belief that the plaintiff has not obtained jurisdiction over the person of the defendant.

The defendant is being sued as Administrator, Office of Price Administration; or Administrator, Office of Temporary Controls, each an agency of the United States. Service upon this type defendant is therefore prescribed by the Federal Rules of Civil Procedure, which provide in part as follows:

"(d) Summons: Personal Service. * * * (5) Upon an officer or agency of the United States, by serving the United States and by delivering a copy of the summons and of the complaint to such officer or agency * * *"

" * * * (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court * * *"

"(c) By Whom Served. Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. Special appointments to serve process shall be made freely when substantial savings in travel fees will result."

"(g) Return. The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a United States marshal or his deputy, he

shall make affidavit thereof. Failure to make proof of service does not affect the validity of the service." Federal Rules of Civil Procedure, Title 28 U.S.C.A. following section 723c, rule 4, subrules (c), (d) (4), (d)(5), and (g).

The official file of this case contains no return by a United States marshal, his deputy, or by any person specially appointed by the court to make service of process. The original summons and complaint bears this endorsement, "Service of the within summons and complaint herein is admitted this 13th day of December 1946. For Philip B. Fleming, Administrator, Office of Temporary Controls, Joseph G. Butler, attorney-in-charge, Syracuse branch office."

Other than the above admission, there is no evidence whatever of personal service upon the defendant, and no evidence of service upon the United States attorney. The question is whether this constitutes a waiver on the part of the defendant and a consent conferring jurisdiction over the person.

■ Actions against the sovereign are permitted by sufferance only, and Congress has seen fit in certain cases to invest the United States district courts with jurisdiction to hear and determine such actions. In permitting the sovereign to be sued, however, Congress has carefully prescribed the method by which officers and agencies of the United States shall be brought before the courts, and it has not seen fit to provide for any deviation from, or waiver of, the prescribed method. This court therefore holds the so-called admission of service is not authorized under the Federal Rules of Civil Procedure, and that it failed to confer jurisdiction over the person of the defendant. Furthermore, there is no claim that either the defendant, the United States attorney, his deputy or designee has been personally served at anytime, and this failure to effect service has always been deemed fatal to the prosecution of such an action. Klein v. Hines, D.C., 1 F.R.D. 649; Massachusetts Farmers' Defense Committee v. United States, D.C., 26 F.Supp. 941; Wieland & Son Dairy Products Co. v. Wickard, D.C., 4 F.R.D. 250; Camp v. Gress, 250 U.S. 308, at page 316,

39 S.Ct. 478, 63 L.Ed. 997; Webster **v.** Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411; National Conference on Legalizing Lotteries, Inc., v. Goldman, 2 Cir., 85 F. 2d 66.

■ 4. The venue of this action is improperly laid. The Judicial Code provides:

" * * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant * * *." U.S.C.A. 28, § 112 (a), in part.

■ This merely secures to the defendant a personal privilege respecting the venue or place of suit which he may assert or may waive at his election. Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, at page 179, 49 S. Ct. 98, 73 L.Ed. 252; Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, at page 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

The official residence of the defendant is Washington, D. C., 50 U.S.C.A.Appendix, § 921(b); Hill v. Wallace, 259 U.S. 44, at page 72, 42 S.Ct. 453, 66 L.Ed. 822.

■ Objection to venue is a personal privilege which is waived by failure to object. Levering & Garrigues Co. v. Morrin, 61 F.2d 115, certiorari granted 287 U.S. 590, 53 S.Ct. 118, 77 L.Ed. 515, affirmed 289 U.S. 193, 53 S.Ct. 549, 77 L.Ed. 1062.

The question is whether the defendant has seasonably asserted the objection of improper venue. If he has, then the action must be dismissed. Macon Grocery Co. **v.** Atlantic Coast Line R. Co., 215 U.S. 501, at page 510, 30 S.Ct. 184, 54 L.Ed. 300; Seaboard Rice Milling Company v. Chicago-Rock Island and Pacific Railroad Co., 270 U.S. 363, at page 365, 46 S.Ct. 247, 70 L.Ed. 633.

■ There is no provision for special appearances in the United States district courts under the Rules of Civil Procedure, but all objections and defenses may be raised for the first time by answer or by motion properly brought. Federal Rules of Procedure, Rule 12(b). Commercial Casualty Insurance Co. v. Consolidated Stone

Co., 278 U.S. 177, at page 179, 49 S.Ct. 98, 73 L.Ed. 252.

■ No answer has been interposed in this action and this motion is a final answer to the question as to whether the defendant has waived his right to have this action tried in the district of his official residence.

Plaintiff's motion for a temporary injunction is denied.

Defendant's motion to dismiss is granted.