**Fritz C. HEISS, a minor, by and through Clayton Heiss, his father and next friend, Plaintiff,**

**v.**

**Clinton NIELSEN, Alex Nielsen and Paul L. Petrich, Defendants.**

**Civ. A. No. 443.**

United States District Court
**D.** Nebraska, North Platte Division.

April 8, 1955.

J. A. Lane, John J. Powers, McGinley, Lane, Powers & McGinley, Ogallala, Neb., Melvin F. Crowley, Menasha, Wis., for plaintiff.

John P. O'Brien, Beatty, Clarke, Murphy & Morgan, North Platte, Neb., for defendants Clinton Nielsen and Alex Nielsen.

M. M. Maupin, Maupin & Dent, North Platte, Neb., for defendant Paul L. Petrich.

DELEHANT, District Judge.

The item requiring the attention of the court is a motion of the defendant Petrich to quash summons and return of service. Its grounds will shortly be noted with particularity. Other issues preliminary to trial are made by the pleadings, but by an allowed stipulation of the parties, they are not presently to be ruled upon.

On October 5, 1954, the plaintiff instituted this action in which jurisdiction is founded solely on diversity of citizenship, Title 28 U.S.C.A. § 1332(a) (1). He seeks to recover damages for personal injuries by him allegedly sustained in an automobile collision in the state of Nebraska, involving three vehicles being operated severally by the three defendants, against each of whom separate allegations of negligence are made. All three vehicles were proceeding in the same direction and the plaintiff was riding in the automobile allegedly owned and driven by defendant Petrich, which was the third, and last in line, of the vehicles. The joint answer of defendants Clinton Nielsen and Alex Nielsen was served October 28, 1954 and filed on the following day.

On November 8, 1954, defendant Petrich served a motion asking the court to quash summons and the return of service of summons on him for the assigned reasons that the complaint shows lack

of jurisdiction over the subject matter and over the person of defendant Petrich and improper venue, and that the summons was insufficient and was improperly served and failed to comply with the rules of this court for service of summons and the statutes of Nebraska applicable thereto. The point chiefly pressed upon the court is the invalidity of venue. It is that motion which is now before the court.

After the service and filing of his motion and without any hearing or ruling thereon, defendant Petrich participated in the taking of depositions of several witnesses during the month of January, 1955 and prior to January 24, 1955. He also participated in the taking of a deposition on February 15, 1955. At least one such deposition was taken on the motion, and in behalf of defendant Petrich.

On January 22, 1955, defendant Petrich served his answer in the case which was filed January 24, 1955 in which he pleaded to plaintiff's complaint item by item upon the merits, but made no averments calculated to reassert any of the alleged defects pointed out in his earlier motion. No judicial ruling had theretofore been made or has since been made upon the motion.

Also on January 22, 1955, defendant Petrich served and, on January 24, 1955, filed a motion for summary judgment in his behalf, pursuant to Rule 56, 28 U.S. C.A., in which he asserted principally that at the time of the collision the plaintiff was an invited guest in Petrich's automobile and Petrich was guilty of no gross negligence under the terms of Section 39–740 R.S.Neb.1943. By its express terms that motion was premised on the plaintiff's complaint, the answers of the three defendants and depositions of plaintiff and defendant Petrich, as well as of five other persons.

While the complaint is subject to criticism for its failure in explicit terms to allege the citizenship of the parties, as distinguished from their places of residence, and ought to be amended in that behalf, it is freely conceded by all of the parties on this submission that the plaintiff is a citizen of Wisconsin, and each of defendants Nielsen a citizen of Nebraska, and that defendant Petrich, at the time of the collision, was a citizen of Indiana, and on the institution of this action was, and now is a citizen of Wyoming. The only service of process effected or attempted as against defendant Petrich was made through delivery of a copy of summons and a copy of the complaint to the Secretary of State of Nebraska under Section 25–530 R.S.Neb.1943, being the non-resident motor vehicle statute of Nebraska, followed by the filing of an affidavit of service by one of the plaintiff's attorneys.

As between plaintiff and defendant Petrich, therefore, the file clearly discloses a suit instituted by a citizen of Wisconsin against a citizen of Wyoming in the United States District Court for the District of Nebraska arising out of a collision in Nebraska involving a motor vehicle owned and being operated by the citizen of Wyoming. After some judicial uncertainty upon the subject, it has finally been determined authoritatively that in such a context venue is not properly laid in this court. Title 28 U.S.C.A. § 1391 (b); Olberding v. Illinois Central Railroad Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39; Lied Motor Car Company v. Maxey, 8 Cir., 208 F.2d 672; McCoy v. Siler, 3 Cir., 205 F.2d 498; Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53; Waters v. Plyborn, D.C.Tenn., 93 F.Supp. 651. If nothing more were involved, the granting of the motion of defendant Petrich would be mandatory. But, as distinguished from jurisdiction over the subject matter, venue is a privilege personal to the defendant which he may waive. And the plaintiff insists that by his participation in this action, supra, defendant Petrich has waived any objection which he might otherwise properly have taken to the venue of this court. That is the subject which counsel have exclusively discussed on the submission of the motion.

544

■ Prior to September 16, 1938 when the Federal Rules of Civil Procedure became effective the solution to the question would have been simple and certain. Under the practice then administered, the answer of defendant Petrich upon the merits would have waived any claimed defect in process or the service thereof as against the answering party. Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R. 1014, and the defense of improper venue. But in Rule 12(b) it is provided, among other things, that:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (2) lack of jurisdiction over the person, (3) improper venue * * *. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.*" (Emphasis added.)

The quoted language does away with the traditional necessity of strict limitation to a special appearance by a party who desires to challenge venue or jurisdiction over his person, and allows him to make that challenge either by separate motion or in the same pleading which answers on the merits. But the principle remains unimpaired that an objection to venue is a personal privilege which may be waived by him in whose favor it exists. And waiver may be accomplished either by an affirmative act significant of it or by failure timely to assert the defect in venue. Such failure may result from making a general answer upon the merits without asserting the impropriety in venue, or, having once asserted it, by some action which is inconsistent with persistence in its assertion and evidences its abandonment.

■ Thus, a defect in venue is waived if the defendant entitled to urge it "remains passive, neither answering nor appearing, and suffers judgment by default." Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252, or, without challenging venue at all, answers on the merits, The Aguia, D.C.S.C., 72 F.Supp. 201. But no waiver of defects in venue arises, if the defendant concurrently with his motion challenging venue, but in a separate pleading moves for a bill of particulars. Johnson v. Joseph Schlitz Brewing Co., D.C.Tenn., 33 F.Supp. 176; or asserts the invalidity, and asks the quashing, of an attachment theretofore sued out against his local property, Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624; or asks affirmatively for the quashing of service by publication, Investors Royalty Co. v. Market Trend Survey, 10 Cir., 206 F.2d 108, 39 A.L.R.2d 1260. Nor is an objection to venue waived by a defendant, who after its judicial rejection answers, still asserting the objection, and thereafter participates in the trial of the action, Vilter Manufacturing Co. v. Rolaff, 8 Cir., 110 F.2d 491; or by one who, before answering obtains extensions of the time for answer and takes a deposition, after which he answers setting out, inter alia, improper venue, Blank v. Bitker, 7 Cir., 135 F.2d 962; or where the defendant tenders his objection to venue or jurisdiction over his person in response to a fourth amended complaint, after pleading to its predecessors, always asserting the same point, and after the participation in the submission of motions against those earlier complaints. Shall v. Henry, 7 Cir., 211 F.2d 226.

Beyond question, if defendant Petrich, after serving his motion to quash the summons and return, had participated in its submission to the court and after an adverse ruling upon it, had answered the complaint fully and, along with other defenses, asserted the invalidity of venue, he would not be held to have waived his point. On the other hand, a waiver would have resulted either if he had

answered on the merits without either alleging improper venue or moving at all to quash process or to dismiss for improper venue, or if after so moving he had encountered an adverse judicial ruling on his motion and then answered without preserving the issue of venue in the answer.

■ But the present record presents none of the supposed situations. He did seasonably assert improper venue by motion. Then, without hearing or ruling on his motion, he (a) served and filed an answer in which improper venue was not asserted and (b) at the same time but separately, served and filed a motion for summary judgment in his behalf, in which he did not assign improper venue as a ground of the motion. And both such pleadings were served and filed after he had participated in the taking of the depositions of sundry witnesses, one in his own behalf. This court does not regard the taking of the depositions as adequate to produce a waiver of the issue of improper venue. See Blank v. Bitker, supra. Nor is the motion for summary judgment operative as a waiver. It no more has that effect than a motion for a directed verdict made during trial, to which, in principle, it has some analogy. So, the question has to be decided on the score of the consequence upon the issue of venue of the service and filing of the answer, which itself is silent upon the problem of venue.

■ Upon careful consideration, the court is of the opinion that within the liberal spirit of its present rules, the answer should not be held to waive the defense of improper venue. There is no suggestion that defendant Petrich actually intended by serving his answer to abandon his motion. Such an intention

formally entertained need not be shown and would rarely be demonstrable.

Nor does the court consider that there is any inconsistency between the tender of the defense of Petrich upon the merits and his persistence in his position reflected in the motion. He had already asserted by motion, as he is allowed to do under Rule 12(b), supra, that the process against him and its service were invalid and the venue of the action in respect of him improper. He was under no obligation—at least none greater than rested upon plaintiff—to notice it for hearing; and the court had not ordered hearing on its own initiative. In answering, he might, of course, expressly have reiterated his attack upon venue. And if he had done so the present problem could hardly have arisen. But he was under no necessity of taking that course. He might well have considered that the issue of venue was sufficiently made by his motion and then remained undetermined, and that if the motion should later be overruled he could preserve the issue by supplement or amendment to the answer.

The court perceives no incongruity in the position which defendant Petrich presently takes and is satisfied that he has not either intentionally or by operation of law waived his objection to venue which was his first assertion in the suit.

And that objection having always been well taken, the motion should be and is being granted and sustained, and the action is being dismissed for improper venue as against defendant Petrich.

The ruling announced renders unnecessary any action on defendant Petrich's motion for summary judgment. It may, however, prompt the service and filing of amended pleadings in the case, in the discretion of counsel.