**Richard TODD, Plaintiff,**

v.

**TEMPEST MARINE, INC., Defendant.**

**No. 85–CV–73310–DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 12, 1985.

---

Gary William Baun, The Jacques Admiralty Law Firm, P.C., Detroit, Mich., for plaintiff.

George F. Clark, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Mt. Clemens, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

Plaintiff, Richard Todd, sues defendant, Tempest Marine, under the provisions of the Jones Act, 46 U.S.C. § 688, and general admiralty and maritime law. Plaintiff alleges that defendant's negligence and unseaworthiness of defendant's vessel were the cause of injuries allegedly suffered in a boating accident. Subject matter jurisdiction is based upon 46 U.S.C. § 688, the Jones Act, and 28 U.S.C. § 1333, general admiralty and maritime law.

The matter before me is defendant's Motion to Dismiss. Defendant argues that this Court is lacking personal jurisdiction over it because defendant is a Florida corporation with a principal place of business in Florida and the alleged accident occurred in the Atlantic Ocean off the coast of Florida. Further, defendant alleges that it conducts no business whatsoever in the State of Michigan. It appears that the only contact to this district is plaintiff's residence of Detroit, Michigan.

Plaintiff presents two arguments to support denial of plaintiff's Motion: (1) defendant waived any objection to personal jurisdiction when it allowed a clerk's entry of default, and (2) because this is a federal question case, Michigan's long-arm statute requirements do not apply.

■ I address plaintiff's arguments in the order presented. Plaintiff argues that by allowing a clerk's entry of default defendant waived any objection to personal jurisdiction. *See Commercial Casualty Ins. Co. v. Consolidated Stone Co.*, 278 U.S. 177, 179–80, 49 S.Ct. 98, 99–100, 73 L.Ed. 252 (1929); *see also Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960) (dicta); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939) (dicta). In *Commercial Casualty*, the Court held that defendant could not move to vacate a default judgment based on lack of personal jurisdiction. The Court reasoned:

We are of opinion that the privilege is of such a nature that it must be asserted at latest before the expiration of the period allotted for entering a general appearance and challenging the merits. In ordinary course, when that period expires the defendant either will have appeared generally for the purpose of contesting the merits or by suffering a default will have assented that his adversary's allegations be taken as confessed for the purposes of judgment. In either event the suit will have reached the stage where attention must be given to the merits.

278 U.S. at 179–80, 49 S.Ct. at 99–100. Unlike the *Commercial Casualty* case, however, defendant in this case was not subject to a default judgment, but merely a clerk's entry of default which I set aside. Without a judgment plaintiff cannot argue that attention was given to the merits as it was in the *Commercial Casualty* case.

Accordingly, I hold that defendant did not waive his objections to personal jurisdiction when the clerk entered the default.

■ Plaintiff's second argument is that the provisions of the Michigan limited jurisdiction long-arm statute are inapplicable to this case because it involves federal question jurisdiction rather than diversity jurisdiction. *See Haile v. Henderson National Bank,* 657 F.2d 816 (6th Cir.1981) (In an action where service of process is effected pursuant to a federal statute which provides for nationwide service of process, the strictures of *International Shoe* do not apply.) Unlike *Haile,* however, this case does not involve a federal statute with a nationwide service provision. A more analogous case to draw from is *Handley v. Indiana & Michigan Elec. Co.,* 732 F.2d 1265 (6th Cir.1984).

In *Handley,* a case brought under the Jones Act and general maritime law, the Court held that because the Jones Act contains no service of process provision, service of process was governed by Fed.R. Civ.P. 4(e) and the long-arm statute of the forum state.

> When a federal statute creating a substantive right contains no process provisions service of process in a district court action over a nonresident defendant who is not found in the forum state is governed by the applicable statute or rule of that state, under Rule 4(e). . . .

732 F.2d at 1268. Accordingly, the Court determined whether limited personal jurisdiction was proper under the provisions of the Kentucky long-arm statute.

■ In this case, I must make a similar inquiry. I must determine whether limited personal jurisdiction is proper under the provisions of the Michigan long-arm statute, which provides as follows:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments

against such corporation arising out of the act or acts which create any of the following relationships:

> (1) The transaction of any business within the state.
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L.A. § 600.715.

Plaintiff has not alleged any acts of defendant which would confer personal jurisdiction under subsections (2)-(5) of M.C.L.A. § 600.715. The only subsection which arguably could apply to this case is subsection (1). Personal jurisdiction under 600.-715(1), however, must also fail, because defendant has not and does not transact any business within Michigan. The president of defendant Tempest Marine stated as follows in a sworn affidavit:

> 2. That Adam Erdberg knows of his own personal knowledge that Tempest Marine has not in the past and does not at the present maintain any distributors, sales office, and/or sales personnel within the State of Michigan, and has not in the past sold any boats to any persons within the State of Michigan and has not conducted any business of any kind or nature within the State of Michigan up to and including the present time.
> 3. Further, that Tempest Marine has not and does not maintain a registered agent within the State of Michigan for any purpose.

Adam Erdberg affidavit, ¶ 2–3. Plaintiff does not adequately rebut these statements.[1] Thus, I hold that I do not have

---

1. Affidavit by plaintiff's attorney in which he states that he received a letter from the Detroit branch of defendant's insurance company and

that defendant's product could be repaired at a Michigan boat dealership is insufficient to place

personal jurisdiction, limited or otherwise, over defendant Tempest Marine. Because defendant's conduct did not meet the limited personal jurisdiction requirements of M.C.L.A. § 600.715, it is unnecessary for me to determine whether the exercise of personal jurisdiction in this case would offend the "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Handley,* 732 F.2d at 1272.

Accordingly, IT IS HEREBY ORDERED that defendant's Motion to Dismiss be GRANTED and plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO ORDERED.

at issue the question whether defendant trans-       acts business within Michigan.