**MORRIS v. SUN OIL CO. et al.**

**Civ. A. No. 4710.**

United States District Court
D. Maryland.

Jan. 4, 1950.

530

Hilary W. Gans (of Cook, Ruzicka, Veazey & Gans), Baltimore, Md., for plaintiff.

Paul M. Higinbotham, Baltimore, Md., for defendant Sun Oil Co.

Paul R. Kach, Baltimore, Md., for defendant Dietsche.

CHESNUT, District Judge.

This suit is for personal injuries resulting from an automobile collision on a Maryland highway. The plaintiff is a citizen of the State of Delaware, and the individual defendant, Maxamillian Dietsche, is a citizen of the State of New Jersey, and by the complaint is stated to have been an employee and driver of a motor vehicle belonging to the Sun Oil Company, the other defendant, which is a corporation of the State of New Jersey. The individual defendant Dietsche has moved to dismiss the complaint for improper venue in accordance with the recently revised title 28 U.S.C.A. § 1391(a) which reads as follows: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

He also bases his motion on alleged non-compliance with mode of service of summons as prescribed in Federal Rules of Civil Procedure, rule 4(d) (1) and (7), 28 U.S. C.A. The corporate defendant, the Sun Oil Company, has also moved to dismiss on 28 U.S.C.A. § 1391(a); but not on alleged defective service. In the latter connection it is to be noted that section 1391(c) provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Service was made upon the individual defendant as provided for by section 106 of Art. 66½ of the 1943 Supplement of the Annotated Code of Maryland which included leaving a copy at the office of the Secretary of State of Maryland together with the appropriate fee. Service was made upon the Sun Oil Company by the deputy marshal by service upon the Corporation Trust Company, the resident agent of the Sun Oil Company. The reasonable inference therefrom is that the Sun Oil Company was doing business in Maryland and had complied with the Maryland statute with respect to the appointment of a resident agent for the service of process. While the fact of doing business in Maryland seems not to have been expressly alleged by the plaintiff, I do not understand counsel for the defendants to question the correctness of the inference, nor to contend that the Sun Oil Company is not subject to the plaintiff's suit in this case except on the contention that section 1391(a) is applicable to the case.

After hearing counsel and later again reviewing the relevant adjudications upon this particular point of venue jurisdiction and procedure, I conclude that the motions of both defendants must be overruled. Section 1391(a) is, of course, literally applicable to this case and would require a dismissal of the complaint at least as to the individual defendant Dietsche were it not that by his use of the Maryland highways and in accordance with the particular Maryland statute, he has consented to be sued by the plaintiff in this case. Section 1391(a) is a recodification of the former title 28, § 112. Although it differs somewhat in precise wording, it is clear that no

change in the substantive law was intended by the codifiers. See the Revisers' notes to section 1391(a). It is well established as a matter of federal jurisdiction and procedure that the general venue statute, being intended for the convenience of the defendant, may be waived by him, and it has been expressly held in a number of cases that under the State statutes like those in Maryland, Pennsylvania and New York, such a waiver of venue provision by a non-resident will be effective as a consent to be sued both in the State and federal courts of the State where the accident occurred. Steele v. Dennis, D.C.Md.1945, 62 F.Supp. 73, 75; Knott Corp. v. Furman, 4 Cir., 163 F.2d 199, 205, certiorari denied, 332 U.S. 809, 68 S.Ct. 111, 92 L.Ed. 387; Krueger v. Hider, D.C.S.C., 48 F.Supp. 708; Malkin v. Arundel Corporation, D.C.Md., 36 F. Supp. 948.

■ It is contended for the defendant Dietsche that service in accordance with the Maryland statute is not in compliance with the requirements of F.R.C.P. Rule 4(d) (1) or (7); but this contention is untenable. In part, rule 4(d) (1) authorizes service "Upon an individual other than an infant or an incompetent person * * * by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Service upon the Secretary of State is authorized by the Maryland statute. And also rule 4(d) (7) provides that "it is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

See the cases cited in the annotation to the rule in Bender's Fed.Practice Manual, page 11; and also Clancy v. Balacier, D.C. S.D.N.Y.1939, 27 F.Supp. 867; Devier v. George Cole Motor Co., D.C.W.D.Va.1939, 27 F.Supp. 978, Judge Paul; and Sussan v. Strasser, D.C.E.D.Pa.1941, 36 F.Supp. 266, 268.

For these reasons I have concluded that the motions of both defendants must ·be overruled. It is so ordered by the court.