**URSO v. SCALES et al.**

Civ. A. No. 10122.

United States District Court
E. D. Pennsylvania.

May 3, 1950.

Joseph Sternberger, Philadelphia, Pa., for plaintiff.

Peter P. Liebert, 3d, Philadelphia, Pa., for defendants.

WELSH, District Judge.

As the result of a collision on the Berks County Highway, Pennsylvania, the plaintiff, Oliver J. Urso, a citizen of Washington, D. C., instituted the present action against the defendants, Y. D. Scales and Morton Freed, citizens of Texas and New York respectively.

The motion presently before the Court is to dismiss the complaint for improper venue.

1. The plaintiff invoked the jurisdiction of this Court on the ground of diversity of citizenship. Where jurisdiction is founded only on diversity of citizenship an action may be brought only in the judicial district where all plaintiffs or all defendants reside. 28 U.S.C.A. § 1391(a).

2. It is the argument of counsel for defendants that since all of the parties reside outside the place of suit, the Eastern District of Pennsylvania, the venue provisions of 1391(a) have not been satisfied and the action should be dismissed.

3. The provisions of Section 1391 (a) supra, merely accord to a defendant a personal privilege of objecting to the venue of suits brought against him in districts wherein under the Section he may not be compelled to answer. The privilege accorded may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. Such loss of the privilege may be regarded negatively as a waiver or positively as a consent to be sued.

4. An expression of the law relative to venue requirements is found in Neirbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437. In that case, the Supreme Court of the United States held that a foreign corporation by its designation under State law of an agent for the service of process had consented to be sued in the Federal Courts of that State, notwithstanding a Federal venue statute to the contrary. It further held that the latter finding is not a subjection of Federal procedure to the requirements of State law, but a recognition that State legislation and consent of parties may bring about a state of facts which will authorize the Federal Courts to take cognizance of a case. See Ex parte Shollenberger, 96 U.S. 369, 24 L.Ed. 853 and Carlisle v. Kelly Pile and Foundation Corporation, 3 Cir., 175 F.2d 414.

5. The sole question then is whether there is anything in the instant case which constitutes consent on the part of the defendants to be sued in a district not provided for in the Federal venue provisions of 1391(a). We think there is, for reasons appearing below.

At the time of the collision in question, one of the defendants, Freed, a non-resident of the Commonwealth of Pennsylvania and an employee of the other defendant, Scales, also a non-resident of the Commonwealth of Pennsylvania, was operating a motor vehicle owned by Scales on a Berks County Highway within the Commonwealth of Pennsylvania. The effect of Freed's operation of the motor vehicle within the Commonwealth of Pennsylvania and Scales' ownership of said motor vehicle was to subject both Freed and Scales to the provisions of a Pennsylvania statute, 75 P.S. § 1201, as amended. Under said provisions a non-resident owner or operator of a motor vehicle in return for the privilege of using the Pennsylvania highways makes and constitutes the Secretary of Revenue of the Commonwealth of Pennsylvania his agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania against said operator or owner of a motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which said motor vehicle is involved.

There can be no doubt that a non-resident of the Commonwealth of Pennsylvania by virtue of the provisions of Section 1201, supra, is amenable to suits brought against him in the Courts of the Commonwealth of Pennsylvania. Also, there is no doubt that said non-resident operator or owner is amenable to suits brought against him in the United States District Courts within the Commonwealth of Pennsylvania provided all jurisdictional and venue requirements are satisfied. For example, the defendants would have no valid objection to the institution of suit against them here if the plaintiff were a Pennsylvania resident, for the Federal venue statute, 1391(a), authorizes suits in the district where either the plaintiff or defendant resides.

We are of the opinion that although the instant case does not fall within the express language of 1391(a) it is sufficiently analogous to the situation in the Neirbo Co. v. Bethlehem Shipbuilding Corporation case, supra, so as to warrant a similar holding here and to make the defendants amenable to the present suit. Accordingly, we conclude that Freed's operation of a motor vehicle within the Commonwealth of Pennsylvania and Scales' ownership of said motor vehicle and the resulting appointment under the Pennsylvania statute, 75 P.S. § 1201, as amended, of the Secretary of Revenue of the Commonwealth of Pennsylvania their agent for service of process constitute an effective consent on the part of said Freed and Scales to be sued in the United States District Court for the Eastern District of Pennsylvania, notwithstanding said District under the facts and circumstances of the instant case is without the express provisions of the Federal venue statute, 1391(a).

Defendants' motion to dismiss the complaint is denied.

An order will be entered in conformity with the foregoing opinion.