**WATERS v. PLYBORN et al. (two cases).**
**Nos. 1431, 1432.**

United States District Court
E. D. Tennessee, N. D.
Nov. 1, 1950.

Jennings, O'Neil & Jarvis, Knoxville, Tenn., for plaintiffs.

Poore, Cox, Baker & McAuley, of Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

The plaintiffs in these cases are residents and citizens of the State of Texas. The defendants are residents and citizens of the State of West Virginia. The accident, a collision between automobiles, occurred on a public highway in Morgan County, Ten-

nessee, within this judicial district and division. Motions have been filed by defendants for dismissal of the actions because laid in the wrong court.

 Title 28 U.S.C.A. § 1391(a). provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." The rule may be thus stated, with reference to these cases: Where a citizen of State A is injured in State B by a citizen of State C, the plaintiff, if suing in a federal court, must sue either in State A or State C. If he sues in State B, and the improper venue is objected to, the court should dismiss or transfer the action.

 Under the familiar rule that the venue privilege may be waived, it is urged on behalf of plaintiffs that a nonresident motorist, by using the highways of the State of Tennessee, waives his right to object to the venue and consents to be sued in the courts of this State, including the federal courts. Sec. 8671, Williams' 1934 Code of Tennessee, provides for service of process upon the Secretary of State as against a nonresident operator of a motor vehicle involved in an accident within the State and in favor of "any person." A number of decisions have been called to the attention of the Court which support the waiver theory. Urso v. Scales et al., D.C., 90 F.Supp. 653; Morris v. Sun Oil Co. et al., D.C., 88 F.Supp. 529; Krueger v. Hider, D.C., 48 F.Supp. 708. The contrary view is upheld in Martin v. Fishbach Trucking Co., 1 Cir., 183 F.2d 53.

This Court believes that the First Circuit decision represents the sounder view. In the other cited cases the courts applied the rule of Neirbo v. Bethlehem Ship Building Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, where appointment by defendant corporation of a resident agent to accept service within a state was construed as an implied consent to be sued within that state. Appointment of a resident agent in the one case and use of a state's highways in the other do not seem analogous. A corporation is not a natural person, but a creature of a state. It does not have the rights of a natural person who is also a citizen of the United States. It does not have the citizen's right to move from one state to another for the transaction of business, and when it appoints a resident agent, or establishes places of business within a state, it gives up no right inherent in citizenship; instead, it takes on a burden in exchange for a privilege.

On the other hand, a citizen has a right, by virtue of his being a citizen of the United States, to pass freely from state to state. Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243; Edwards v. California, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119; Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Crandall v. State of Nevada, 6 Wall. 35, 73 U.S. 35, 18 L.Ed. 744. Hence, a citizen of the United States, upon entering a state that has a nonresident motorist statute, similar to that of this State, finds his right of free passage curtailed. This has been justified as a valid exercise of a state's police power. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. Nevertheless, when a nonresident motorist enters this State his right of free passage is curtailed by the imposition of a burden. True, he acquires the privilege of using the State's highways, but in acquiring the privilege he does more than take on a burden; he sustains the abridgement of a right, as well. Accordingly, there is an element of compulsion in the nonresident motorist statute, whereas in the appointment of a resident agent by a nonresident corporation there is no compulsion. In legal contemplation, waiver and compulsion are inharmonious terms, hostile, and mutually exclusive.

That Congress regarded natural persons and corporations as being in separate and distinct classes at this juncture is indicated by the separate provision for corporations. This is subsection (c) of sec. 1391: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." That a citizen of the United States occupies, in the venue statute, a dis-

tinct and favored position is further indicated by subsection (d), which provides: "An alien may be sued in any district."

 From all of which, this Court is of the opinion that the privileges and immunities of citizens of the United States, somewhat narrowed already by the State statute, should not be additionally restricted by a strained construction of the waiver, or consent, theory. Exercise of the State's police powers in the interest of safe travel does not require it, and the plaintiffs, incidental beneficiaries of the State's safety policy, still have left to them ample choice of forum.

In accordance with 28 U.S.C.A. § 1406 (a), the actions will be dismissed without prejudice. Let an appropriate order be prepared.