KOSTAMO v. BRORBY et al. (two cases).

Civ. Nos. 128–50, 129–50.

United States District Court
D. Nebraska, Omaha Division.

Feb. 21, 1951.

Hartley Nordin, Minneapolis, Minn. and Emmet L. Murphy, Omaha, Neb., for plaintiffs.

Pilcher & Haney, (Robert W. Haney), Omaha, Neb., for defendant Milton Brorby.

James J. Fitzgerald, Omaha, Neb., for defendants Brackett J. Henderson and Marvel Henderson.

DONOHOE, Chief Judge.

This is an action to recover damages for personal injuries allegedly resulting from an automobile accident near Winnebago, Nebraska. The plaintiffs, residents of Minnesota, claim to have been passengers in a pick up truck, one of the vehicles involved in the collision, which at the time of the accident was owned by the defendants, Milton Brorby and A. P. Lasley, both residents of California. The other automobile involved in the collision was owned by the defendants, Brackett J. and Marvel Henderson, both residents of Iowa. The complaint charges all four defendants with negligence.

█ The defendants Hendersons were personally served within this state. The defendants Brorby and Lasley have been served pursuant to the provisions of the Nebraska nonresident motorist statute. Sec. 25–530, R.S.1943, 1949 Cum.Supp. This service sufficiently complies with the Federal Rules of Civil Procedure. Rule 4(d) (7), 28 U.S.C.A. Consequently, as to each of the defendants this court has jurisdiction of the person.

The defendant Brorby has made a special appearance for the purpose of objecting to venue and requesting the court to dismiss the action as to him. The defendants Hendersons have filed their answer. The plaintiffs have filed motions to dismiss Brorby's motion and request the court to transfer the case to the District of Minnesota for trial. It is with these motions that we are presently concerned.

1. Venue.

█ The court has jurisdiction of this action because the matter in controversy exceeds the sum of $3,000 and is between citizens of different states. Title 28, U.S.C.A. § 1332(a) (1). This being so, the proper venue for the action is determined by Section 1391(a), Title 28 U.S.C.A. which provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

It is clear that in the present case neither all the plaintiffs nor all the defendants reside in Nebraska. However, statutes, such as the one quoted above, prescribing the district in which the suit is to be brought, merely confer upon the defendant a personal privilege which he may waive or lose. 28 U.S.C.A. § 1406(b); Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; Neirbo v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. The defendants Hendersons have not interposed any objection to the venue of this court and consequently have waived their privilege as to the forum of suit. The defendant Brorby, on the other hand, has not waived his privilege to be sued where he or the plain-

tiffs reside, unless the mere use of Nebraska roads constitutes an implied waiver of the Federal venue privilege.

In the Neirbo case, supra, the Supreme Court held that the designation of an agent by a nonresident corporation to receive service of process against it in a state amounts to a consent to be sued there in the federal as well as the state courts and therefore amounts to a waiver of the federal venue privilege.

Subsequent to the Neirbo decision, cases arose involving nonresident motorist statutes. Under the provisions of these statutes, a nonresident motorist in return for the privilege of using the state highways makes the Secretary of State (or some similar state officer designated by the statute) his agent for the service of process in any civil suit instituted in the state against said nonresident motorist by reason of an accident occurring within the state. The Federal District Courts were uniform in holding that the nonresident motorist by his use of the state roads under the conditions of the nonresident motorist statute waives his federal venue privilege. All of these cases considered the situation of the nonresident motorist analogous to the situation of the nonresident corporation in the Neirbo case. Williams v. James, D.C. La., 1940, 34 F.Supp. 61; Andrews v. Joseph Cohen & Sons, D.C.Tex., 1941, 45 F. Supp. 732; Krueger v. Hider, D.C.S.C., 1943, 48 F.Supp. 708; Steele v. Dennis, D.C.Md., 1945, 62 F.Supp. 73; Blunda v. Craig, D.C.Mo., 1947, 74 F.Supp. 9.

■ On September 1, 1948, the revision of Title 28 of the United States Code dealing with the federal judiciary became effective. Under Section 1391(c) of the New Title 28, the rule of the Neirbo case was extended somewhat and made statutory insofar as it applies to corporations. There is nothing in the revision or its legislative history manifesting an intent to alter the effect of the Neirbo case in its application to the nonresident motorist situation. There was no need for legislation on the point because all the cases prior to the revision were uniform in their holdings. Section 1391(a), the section now under consideration, is a recodification of the former Section 112 of Title 28. Although it differs somewhat in precise wording, it is clear that no change in the substantive law was intended by the codifiers. Morris v. Sun Oil, D.C.Md., 1950, 88 F.Supp. 529. In view of this fact, two district courts, by decisions rendered after the codification of Title 28, have continued to apply the doctrine of the Neirbo case to nonresident motorists. Both Judge Chestnut, in Morris v. Sun Oil, supra, and Judge Welsh, in Urso v. Scales, D.C.Pa., 1950, 90 F.Supp. 653, held that a nonresident motorist by his mere use of the state roads waives his federal venue privilege under a nonresident motorist statute.

■ On June 28, 1950, there was a sudden break from the line of authority mentioned above. In Martin v. Fischbach Trucking Co., 183 F.2d 53, 55, the Court of Appeals for the First Circuit held that a foreign corporation by operation of a motor vehicle upon the highways in Massachusetts did not waive its federal venue privilege under the Massachusetts nonresident motorist statute. Judge Maris distinguished the Neirbo case on the ground that in that case there was an express designation of the agent for service, while in the Fischbach case "The agency of the Registrar of Motor Vehicles * * * was not created by any conscious or voluntary act * * * directed to that end." The realistic truth of this statement does not in any way buttress its legalistic weakness. It is a well recognized principle of jurisprudence that all persons are conclusively presumed to know the law. United States v. Hodson, 10 Wall. 395, 409, 19 L.Ed. 937; Upton v. Tribilcock, 91 U.S. 45, 50, 23 L.Ed. 203; In re Floyd Acceptances, 7 Wall. 666, 682, 19 L.Ed. 169; Mammoth Oil Co. v. United States, 275 U.S. 13, 54, 48 S.Ct. 1, 72 L.Ed. 137; Wilber National Bank v. United States, 294 U.S. 120, 123–124, 55 S.Ct. 362, 79 L.Ed. 798; Pettibone v. Cook County, Minnesota, 8 Cir., 120 F.2d 850, 855. The voluntary act of the defendant is the act

of driving on Nebraska roads. The legal consequence, which the defendant is presumed to know, and which follows automatically from the voluntary act, is the designation of the Secretary of State as the defendant's agent for service of process. Consequently, if the statute is to be given effect, the fiction that the defendant has consented to be sued should be applied equally to the nonresident motorist, who acquires an agent by operation of law, as to the nonresident corporation, which actually designates an agent.

We are aware that the district court of Tennessee has adopted the Fischbach decision as the sounder view. Waters v. Plyborn, 93 F.Supp. 651. But we cannot accept it as such. We would like to call attention to the reasoning of Judge Vaught in the recent case of Burnett v. Swenson, D.C., 95 F.2d 524. "If the doing of business can be held to furnish the basis of consent with respect to suit in the courts of the state, there is no reason why it should not be equally efficacious with respect to furnishing the basis of consent to suit in the federal courts. If the view be taken that the consent is wholly fictitious, there is no reason why the fiction should not serve as well in the one case as in the other."

After quoting this language from Judge Parker in Knott Corp. v. Furman, 4 Cir., 163 F.2d 199, 204, Judge Vaught gives a very practical reason for holding that the defendant has waived his venue privilege. "There is another reason why the statutes of the various states, such as in Oklahoma, providing for a service agent for those who use the highways, waive venue. It is to lay the venue of actions growing out of the use of the highways, such as collision injuries, within a reasonable distance for witnesses to attend in person at trials that may result. A jury, or the trier of facts, is entitled to see and hear such witnesses and not have to depend upon depositions which are frequently unsatisfactory. It also eliminates inconvenience and expense, and is fair to all who use such highways."

In view of what has been said heretofore this court concludes that the defendant Brorby has waived his federal venue privilege.

2. Transfer.

Plaintiffs have requested the court to transfer this cause of action to Minnesota for trial. The court would not transfer the action under the provisions of Section 1404(a), Title 28 U.S.C.A., because this would not serve the convenience of the parties. The accident occurred here, the medical testimony is here, the witnesses who observed the accident are here and the defendants Hendersons are here. Plaintiffs admit this and request the transfer under the provisions of Section 1406(a). Their request in this regard cannot be granted for the following reasons: First, in view of the holding that the defendant Brorby has waived his federal venue privilege, there is no longer any defect in venue which needs to be cured by the transfer. Second, the action could not be transferred pursuant to Section 1406 (a) to Minnesota because the original action could not "have been brought" in Minnesota. Plaintiffs would not have been able to serve the defendants in Minnesota. Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777; Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949. Judge Learned Hand in the later opinion points out that an action could "not have been brought" in a district where serivce on the defendant could not have been had. Although both of these decisions were interpreting Section 1404(a), we think that they are both applicable to Section 1406(a) because the language in both the sections in this regard is identical. The sections provide that under certain circumstances a case may be transferred to any district or division in which "it could have been brought."

For the reasons stated above, the court is constrained to retain this action for trial.