97 F.Supp. 583 (1951)
GARCIA
v.
FRAUSTO et al.
No. 1429.
United States District Court E. D. Missouri, S. D.
May 14, 1951.
*584 Oliver & Oliver, and Jack L. Oliver, all of Cape Girardeau, Mo., for plaintiff.
Elmer A. Strom, of Cape Girardeau, Mo., for defendants.
HULEN, District Judge.
In support of defendant's motion defendant William E. McBride challenges the constitutionality of Section 506.220, R.S. Mo.1949, providing for service on the Secretary of State and notice to defendants by mail in certain types of automobile damage claims where defendants are non-residents, and second that venue as to defendant William E. McBride is improperly laid in the Southeastern Division, at Cape Girardeau, of this Court.
Plaintiff is an alien suing for damages allegedly resulting from an automobile collision in or near New Madrid County, Missouri, which is in the Southeastern Division of the Eastern District of Missouri. This case was filed in the Southeastern Division of the Eastern District of Missouri. Defendant McBride was a resident of Missouri at the time of the collision. Subsequent thereto, and prior to the filing of this complaint, he ceased to be a resident of Missouri and became a resident of the State of Illinois. Defendant was served under the provisions of Section 506.220.

(1)
It is defendant McBride's position that the section of the Missouri Act, 506.220, extending the provisions of the Act to persons "who, at the time that such right or cause of action arose, was or were residents of this state, but who have subsequently thereto become nonresidents of this state" is unconstitutional because not referred to in the title of the Act. This precise question was before this Court in this division in the case of Bollinger v. *585 Hahs, #1208, in 1948. We then held the Act invalid as to defendants, residents at the time the cause of action arose who thereafter and prior to the filing of the case became nonresidents, on the ground that such claims of defendants were not specified in the title and the body of the statute extended the operation of the law to a class not carried in the title. On further study of the law we have reached the conclusion we were wrong in our prior holding.
Defendant cites the case of State v. Sloan, 258 Mo. 305, 167 S.W. 500. In the Sloan case the Court had under consideration a statute entitled "Herding by Nonresidents". The statute contained a provision applicable to residents. It was held unconstitutional since the subject matter was not embraced in the title. The Court said: "* * * where a title descends to particulars and specifies a certain class included within the provisions of the act, to the exclusion of others, it does not sufficiently indicate the purport of the law, and is to that extent violative of the constitutional provision." 167 S.W. loc. cit. 501. The distinction between the Sloan case and this case is that Sloan was at all times a resident. Defendant in this case was a nonresident at the time the suit was filed.
The title of the Act here involved reads in part  "An Act to provide for the bringing of civil actions against non-resident owners, users and operators of motor vehicles and trailers operated upon the public highways of the State of Missouri * * *". It will be seen from the title that there is but one class of defendants involved, namely those who are nonresidents at the time of "bringing" the action. We think the words quoted from the title are sufficiently broad to include Section 2, relating to those who become nonresidents between the time of the arising of the cause of action and the filing of the action, especially since the past tense of the word operate is used, indicating that it was not necessary for the nonresident status to be existent at the time of the accrual of the cause of action. There should be no dispute that the title does not create any such inference.
We think and the ruling is, if the title fairly states the subject of the statute so as to put interested parties upon inquiry it is sufficient, but the title does not have to be an index or duplicate the elements of the act. We are further moved to reverse our former holding because where the question is close Federal courts should be reluctant to hold a State statute in violation of the State Constitution.

(2)
By brief the question of venue is raised. Even though the motion does not include the assignment we will consider it.
Plaintiff is an alien; defendant is a nonresident. This Court has jurisdiction of the case. The venue is laid in the wrong district and the case cannot proceed unless defendant has waived venue. It has been repeatedly held that by operating a motor vehicle in the State which has a statute providing for service of the character under consideration, a defendant is deemed to have consented to be sued in the State. Krueger v. Hider, D.C., S.C., 48 F. Supp. 708; Steele v. Dennis, D.C., Md., 62 F.Supp. 73; Urso v. Scales, D.C., Pa., 90 F. Supp. 653. The authorities quoted are cases where both plaintiff and defendant were nonresidents. We see no reason why the same ruling would not apply where plaintiff is an alien and defendant a nonresident. The prime question is, has the defendant waived venue where the Court has jurisdiction.
Section 506.210 provides  "The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a non-resident of this state shall be deemed * * *". Then follows provisions amounting to a waiver of venue if service is properly had as provided in the statute.
Section 506.220 provides  "All provisions of this Act shall extend to and apply to any such person or persons, who, at the time that such right or cause of action arose, was or were residents of this state, *586 but who have subsequently thereto become nonresidents of this state."
Reading Section 506.220 in connection with 506.210, the first paragraph of the latter numbered statute will read  "The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who [at the time that such right or cause of action arose was or were residents of this State, but who have subsequently thereto become nonresidents of this State, or by a person who] is a nonresident of this state shall be deemed * * *."
The constitutionality of statutes of the character under consideration was before the Supreme Court in Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091, and there sustained, the Court holding that the State through its police power can make those who operate dangerous instrumentalities amenable to process even if there is some discrimination as to nonresidents. "In the public interest the state may make and enforce regulations reasonably calculated to promote care on the part of all, residents and nonresidents alike, who use its highways. * * * Literal and precise equality in respect of this matter is not attainable; * * *."

Order
Motion of defendant William E. McBride to quash process and service of process is overruled.