JACOBSON v. SCHUMAN.
Civ. No. 1264.

United States District Court,
D. Vermont.
June 10, 1952.

484

———◆———

Vernon J. Loveland and Donald H. Hackel, of Rutland, Vt., for plaintiff.

J. Boone Wilson and Philip H. Hoff (of Black & Wilson), Burlington, Vt., A. Luke Crispe, of Brattleboro, Vt., for defendant.

GIBSON, District Judge.

The plaintiff is a citizen of the State of Texas and the defendant is a citizen of the State of New York. There is no controversy over the jurisdictional amount. The Complaint alleges that the plaintiff was injured on October 13, 1951, at the intersection of South Willard and Maple Streets in Burlington, Vermont, as a result of the negligent operation by the defendant of his automobile, and she seeks to recover damages. Summons was served upon the Commissioner of Motor Vehicles of the State of Vermont and a copy of the complaint and process with the officer's return thereon was sent to the defendant by registered

mail. Such substituted service is provided for by Chapter 428 of the Vermont Statutes, Revision of 1947 as amended by No. 209 of the Public Acts, 1951, which provides in part:

"10,062. *Commissioner to be process agent of person.* The acceptance by a person of the rights and privileges conferred upon him by this and the following title, as evidenced by his operating, or causing to be operated, a motor vehicle in this state, shall be deemed equivalent to an appointment by such person of the commissioner, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against such person growing out of any accident or collision in which such person may be involved while operating or causing to be operated a motor vehicle in this state. Such acceptance shall be deemed to be the agreement of such person that any process against him which is so served upon the commissioner shall be of the same legal force and validity as if served on the person personally."

The defendant has moved to dismiss on the ground that Title 28 U.S.C.A. § 1391, requires dismissal when neither party to the suit is a resident of Vermont. Section 1391 provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

This is not a new problem in the Federal Court System. The crux of the matter is whether or not the Vermont statute quoted above operates to cause an implied waiver of any objection to venue by non-resident operators of motor vehicles in this state. A study of the cases from the several United States District Courts and Circuit Courts of Appeal, wherein this same question has arisen, results in my concurrence with Chief Judge Vaught and his opinion in Burnett v. Swenson, D.C., 95 F.Supp. 524. As these cases show, the law in regard to foreign corporations and nonresident operators of

---

motor vehicles has followed the same general course.

The power of a state to exclude foreign corporations, although not absolute but qualified, is the ground on which the United States Supreme Court has held that the doing of business in such state implies consent to be bound by the process of its courts. Pennsylvania Fire Insurance Co. v. Gold Issue Mining Co., 243 U.S. 93, 96, 37 S.Ct. 344, 61 L.Ed. 610. See Hess v. Pawloski, 274 U.S. 352, 355, 47 S.Ct. 632, 71 L.Ed. 1091. Such consent is not implied, however, by the mere transaction of business in a state by a nonresident natural person, Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250, for the privileges and immunities clause of the Constitution, Sec. 2, Art. IV safeguards to the citizens of one state the right to pass through, or to reside in any other state for purposes of trade, agriculture, professional pursuits, or otherwise. Hess v. Pawolski, supra. The case of Kane v. State of New Jersey, 242 U.S. 160, 167, 37 S.Ct. 30; 61 L.Ed. 222, recognized the power of the state to exclude a nonresident operator of a motor vehicle from its highways and, having such power, the state may declare the use of the highway by the nonresident is the equivalent of the appointment of the registrar or commissioner as agent upon whom process may be served. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. Certainly if a state has the power to exclude a nonresident operator of a motor vehicle from its highways, it would be an absurdity to say that it cannot provide that one who chooses to operate a motor vehicle on its highways thereby subjects himself to the venue of its courts.

In Neirbo v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, the Supreme Court recognized that the appointment by a corporation of an agent for service of process also constituted a consent to the venue of the Federal Court of the district. While it is not clear in the Neirbo case whether or not the Court intended to limit its holding to those cases where actual appointment had been made, the case of Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, 207, certiorari denied, 332 U.S. 809, 68 S.Ct. 111, 92 L.Ed. 387; rehearing denied 332 U.S. 826, 68 S.Ct. 164, 92 L.Ed. 401, holds that actual appointment is not necessary, the mere doing of business in the state under a statute by which a state officer is appointed as agent as a matter of law being enough. The logical conclusion from the above is that what is true as to foreign corporations is true as to nonresident operators of motor vehicles. Therefore, in furtherance of the holding of the Knott Corporation case, I hold that the defendant in this case did consent to the venue of this District Court. I realize that this is contrary to the opinion of the 1st Circuit in Martin v. Fishback Trucking Co., 1 Cir., 183 F.2d 53, and I must, therefore, respectfully disagree with that opinion.

It is obvious that this field of the law is in need of legislative solution. Under our present statutes in diversity cases between natural citizens, in order to have a case tried in a particular District Court it is first necessary that there be a diversity of citizenship between the parties and secondly, that the district be either the residence of all plaintiffs or all defendants unless objection based on improper venue is waived. The present venue statute apparently presumes that "the judicial district where all plaintiffs or all defendants reside" will also be the most convenient and just forum. The many cases on the problem now before us show that this is not always true. With automobiles constantly growing in number, speed and range, it becomes more and more common to have automobile accidents in states where none of those involved in the affair are residents. Often in such cases, most of the witnesses are residents of the locality of the accident and the court of that state is always more familiar with the law applicable to the particular facts. Yet, under present circumstances, in order to have the case disposed of in this most convenient forum, the courts have been forced to use a legal fiction about the defendant's consent to venue, which to laymen may seem absurd and therefore lead to a certain disrespect of our laws and the persons who make and apply them.

It would seem that to attain a just solution for these problems, the venue statute as it is presently written should be abandoned and a procedure adopted which is more in line with the present doctrine of *forum non conveniens*. In this way, once diversity between the parties was established, the trial court could in its discretion retain or transfer the case as justice might require.

Though it is clear that legislative action would be necessary, such action would not change our system of law very much for the Supreme Court has already taken a step in this direction in Gulf Oil Corp v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, wherein it held that a court does have the power to decline jurisdiction when justice requires even though the jurisdiction and venue be proper. To say the court may retain jurisdiction in proper cases though venue be improper would, of course, stretch Section 1391 too far, but this is in effect what the courts have found it necessary to do through legal fiction, a dangerous contrivance in a country of realistic men and women.

Motion dismissed.