## ARCHAMBEAU v. EMERSON et al.

Civ. A. No. 2007.

United States District Court
W. D. Michigan, S. D.

Oct. 15, 1952.

Linsey, Shivel, Phelps & Vander Wal and Leland D. Phelps, Grand Rapids, Mich., for plaintiff.

Alexander, Cholette, Buchanan, Perkins, & Conklin, Paul E. Cholette, and Edward D. Wells, Grand Rapids, Mich., for defendants.

STARR, District Judge.

In this case the plaintiff seeks to recover damages resulting from her personal injuries sustained in an automobile accident which occurred August 27, 1951, in Montcalm county, Michigan, in this judicial district. Plaintiff is a citizen of South Dakota, defendant Emerson is a citizen of Indiana, and defendant Brueggemann is a citizen of Colorado.

In her amended complaint plaintiff alleges that the accident occurred while she, in the course of her employment by defendant Emerson, was being transported in an automobile owned by Emerson and driven with his consent by his employee, defendant Brueggemann; and that the accident was caused by the negligent operation of the automobile by Brueggemann.

The plaintiff obtained service of process by serving the secretary of state of the State of Michigan and by serving notice of such service and copy of summons upon the defendants by registered mail, pursuant to § 403 of the Michigan vehicle code, Act No. 300, § 403, Pub.Acts Mich.1949, which provides in part:

"From and after the effective date of this act, the operation by a nonresident of a motor vehicle upon a public highway of this state, or the operation on a public highway in this state of a motor vehicle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway, or in which such motor vehicle may be involved while being so operated on such a highway. Such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall have the same legal force and validity as if served on him personally within this state. Service of such summons

shall be made by leaving a copy thereof with the secretary of state, or his deputy, who shall keep a record of each such process and the day and hour of service, and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff or his attorney to the defendant".

The defendants have filed motion to dismiss on the ground that this court is without jurisdiction because, under 28 U.S.C.A. § 1391(a), this judicial district is not the proper venue for the suit. That section provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

In the present case there is apparently the requisite diversity of citizenship and jurisdictional amount in controversy, but neither the plaintiff nor either of the defendants resides in this judicial district. However, plaintiff contends that under § 403 of the Michigan vehicle code quoted above, a nonresident who operates an automobile, or a nonresident owner who consents to the operation of his automobile, upon the public highways of that state, waives the venue requirements of the federal statute. Therefore, the question is squarely presented as to whether under § 403 of the Michigan vehicle code the nonresident defendants waived the venue requirements of 28 U.S.C.A. § 1391(a).

Venue is a personal privilege which may be either expressly or impliedly waived by a defendant. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; Knott Corporation v. Furman, 4 Cir., 163 F.2d 199; Morris v. Sun Oil Co., D.C., 88 F. Supp. 529; Steele v. Dennis, D.C., 62 F.

30

Supp. 73. In Lee v. Chesapeake & Ohio Railway Co., 260 U.S. 653, 43 S.Ct. 230, 231, 67 L.Ed. 443, the court said in referring to the provisions of the old Judicial Code, Judicial Code, § 51, 28 U.S.C.A. § 112,[1] defining general jurisdiction of the district courts and the provisions relating to venue of suits:

"It is a necessary conclusion from repeated decisions, going back to the original Judiciary Act of 1789 that this provision does not limit the general jurisdiction of the District Courts or withdraw any suit therefrom, but merely confers a personal privilege on the defendant, which he may assert, or may waive, at his election".

■ A state, in the exercise of its police power, may make and enforce regulations reasonably calculated to promote due care on the part of all residents and nonresidents who make use of its highways. Section 403 of the Michigan vehicle code operates to require a nonresident to answer for his conduct on the highways of the state and to provide a claimant with a convenient method for the enforcement of his rights against such nonresident. A state may require a nonresident to appoint a designated state official as his agent, upon whom process may be served in an action growing out of the nonresident's use of the highways. A state may also declare by legislative enactment that the use of its highways by a nonresident is the equivalent of the appointment of a designated state officer as an agent of the nonresident, upon whom process may be served. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Kane v. State of New Jersey, 242 U.S. 160, 37 S. Ct. 30, 61 L.Ed. 222; Jacobson v. Schuman, D.C., 105 F.Supp. 483.

■ When defendant Brueggemann operated defendant Emerson's automobile with his consent on the public highways of Michigan, both being nonresidents, they subjected themselves to the law of that state and, in effect, consented to be sued in the state courts and submitted themselves to the venue of the courts. Urso v. Scales, D.

C., 90 F.Supp. 653. Section 403 of the Michigan vehicle code is substantially similar to many state statutes which provide in effect that nonresident motorists, by their use of state highways, consent to be sued in the state courts by service of process upon the secretary of state or other state official, for causes of action arising from any accident in which they are involved while operating on the state highways.

Had the nonresident plaintiff in the present action begun her suit in a state court in this judicial district, the nonresident defendants could have removed it to this federal court. Lee v. Chesapeake & Ohio Railway Co., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443. Therefore, it seems clear that no purpose of justice would be served by permitting the nonresident plaintiff to sue the nonresident defendants in a state court but not in a federal court, when the defendants could have removed the state-court case to the federal court.

The precise question as to waiver of venue presented in the instant case has been considered by many federal courts and, with few exceptions, it has been held that under state statutes similar to § 403 of the Michigan vehicle code, a nonresident operating an automobile or consenting to the operation of his automobile upon the highways of a state waives venue in both state and federal courts in actions against him arising out of an accident on the state highways. These decisions are generally based upon the holdings in Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, and Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853. In the Neirbo Case, which was begun in the district court for the southern district of New York, neither the plaintiff nor the defendant was a resident of the district. However, the defendant, a foreign corporation, had designated an agent in the state for the service of process, and the Supreme Court of the United States held that by its designation under state law of an agent for the service of process, it had consented to be sued in the federal courts of that state, notwithstanding the federal venue statute to

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 1391.

the contrary. The court said, 308 U.S. at page 175, 60 S.Ct. at page 158:

"In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.' Ex parte Schollenberger, supra, 96 U.S. at page 377, 24 L.Ed. 853."

In Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, the plaintiff, a citizen of Massachusetts, began suit against the defendant, a Delaware corporation, in the federal district court for the eastern district of Virginia to recover for injuries sustained in a fire in a Virginia hotel operated by the defendant. The defendant challenged the jurisdiction of the court on the ground that the suit in the eastern district of Virginia was not in the district of residence of either the plaintiff or defendant as provided by the federal venue statute. In holding that the foreign corporation by doing business in the state impliedly consented to suit and service of process upon a designated state officer and also waived the provisions of the federal venue statute, the court said, 163 F. 2d at page 204:

"There is a distinction between express and implied consent, but this distinction has relation to the origin of the cause of action, not to the effect on venue. It is reasonable to imply consent to suit and service of process from the doing of business within the state as to causes of action arising out of such business but not as to other causes of action. There is no reason for any distinction between express and implied consent, however, when it comes to the waiver of venue. If the doing of business can be held to furnish the basis of consent with respect to suit in the courts of the state, there is no reason why it should not be equally efficacious with respect to furnishing the basis of consent to suit in the federal courts.

If the view be taken that the consent is wholly fictitious, there is no reason why the fiction should not serve as well in the one case as in the other. If the court, 'for purposes of justice,' to use the language of Judge Learned Hand in the Smolik case, supra (222 F. [148] 151), treats the situation as if there had been consent, there is no reason why 'purposes of justice' should not be considered under federal as well as under state statutes. Certainly no purpose of justice is served by permitting a defendant to be sued in the state but not the federal courts in a situation such as this, where the defendant himself unquestionably has the right to remove the case to the federal courts if sued in the state courts."

It has been argued that the Neirbo case, supra, applies only to corporations and that there was a voluntary act on the part of the nonresident defendant in appointing an agent in New York upon whom process could be served. In considering this argument, the court said in Krueger v. Hider, D. C., 48 F.Supp. 708, 710:

"In the instant case the argument is made that the Neirbo case applies only to corporations, and furthermore that in that case there was a voluntary act on the part of the defendant corporation in taking certain steps in order to do business in the State of New York. I do not think that this distinction and line of reasoning is sound. If the corporation can waive its non-residence immunity by appointing an agent on whom process is to be served, an individual can do the same. Section 437 of the S.C.Code, which is hereinabove quoted, expressly provides that a nonresident (and this certainly includes individuals as well as corporations) appoints a certain official as his agent upon whom process may be served, and that this is done in consideration of the state permitting him to make use of the public highways and the fact that he makes such use indicates his acceptance of the conditions of the Statute. It seems clear to me that the defendant,

Hider, when he drove upon the South Carolina roads accepted the terms of Section 437 of the South Carolina Code and thereby appointed the director of Motor Vehicle Division of the State Highway Department as his true and lawful attorney upon whom process could be served. By doing such act he waived the question of jurisdiction of person. This statement of law might have been seriously questioned before the decision in the Neirbo case hereinabove cited, but since the decision in that case it appears to me to be an inescapable and sound conclusion."

 In the Neirbo case the appointment by a nonresident corporation of a resident agent in New York upon whom service of process could be made was held to waive the venue provision of the federal statute, and in the Knott Corporation case, supra, the mere doing of business in a state was held to imply consent to suit in the state courts and to a waiver of venue as to federal courts. Under § 403 of the Michigan vehicle code a nonresident of the state operating an automobile or consenting to the operation of his automobile upon the highways of the state subjects himself to the law of the state and appoints the secretary of state as his "true and lawful attorney" upon whom process may be served in the manner provided in the act. It seems clear that no legal distinction should be drawn between a nonresident's express consent to suit and waiver of venue by the appointment of a resident agent, and a nonresident's implied consent and waiver by doing business in the state, and a nonresident's implied consent and waiver under a state statute regulating the nonresident's use of the state highways.

In many well reasoned opinions involving state statutes similar to § 403 of the Michigan vehicle code it has been held that a nonresident's use of the state highways operated as an implied waiver of the venue requirement of the federal statute. See Jacobson v. Schuman, D.C., 105 F.Supp. 483; Garcia v. Frausto, D.C., 97 F.Supp. 583; Burnett v. Swenson, D.C., 95 F.Supp. 524; Urso v. Scales, D.C., 90 F.Supp. 653;

Morris v. Sun Oil Co., D.C., 88 F.Supp. 529; Steele v. Dennis, D.C., 62 F.Supp. 73; Krueger v. Hider, D.C., 48 F.Supp. 708. For holdings to the contrary see Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53, and Waters v. Plyborn, D.C., 93 F.Supp. 651.

In the present case the court concludes that under § 403 of the Michigan vehicle code the use of the Michigan public highways by the nonresident defendants operated as an implied waiver of the venue requirements of the federal venue statute.

For the reasons stated herein the defendants' motion to dismiss is denied and an order will be entered accordingly. No costs are allowed.