FALTER v. SOUTHWEST WHEEL CO.

Civ. A. No. 226.

United States District Court
W. D. Pennsylvania.

Jan. 28, 1953.

Gifford, Graham, MacDonald & Illig, Erie, Pa., for plaintiff.

Quinn, Leemhuis, Plate & Dwyer, Erie, Pa., for defendant.

GOURLEY, Chief Judge.

This matter relates to a petition for reconsideration of a motion to dismiss a complaint in a trespass action, automobile accident, for lack of venue.

My late associate, the Honorable Owen M. Burns, dismissed the action but prior to his death had set for hearing the petition for reconsideration, which was not adjudicated.

Plaintiff filed this action in the District Court of the United States for the Western District of Pennsylvania to recover from the defendant for personal injuries allegedly sustained by plaintiff in an accident which occurred in Erie County, Pennsylvania, on or about August 5, 1951.

Plaintiff is an individual and a citizen of the State of New York. Defendant is a Texas corporation, which on the day of the accident was operating one of its tractor-trailers on company business, in interstate commerce, on the highways of Erie County, Pennsylvania, which is within the jurisdiction of the Court. Plaintiff secured service of his complaint upon defendant under the provisions of the Non-Resident Motor Vehicle Act of Pennsylvania, 75 Purdon's Statutes § 1201, as amended, which provides:

"From and after the passage of this act, any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same op-

erated, within the Commonwealth of Pennsylvania * * * shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding *instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania* against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." (Italics supplied.)

The defendant has filed motion to dismiss on the ground that the Court is without venue and buttresses its case on 28 U.S.C.A. § 1391(a) wherein the following is provided:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

*     *     *     *     *     *

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The instant case presents the requisite elements of diversity of citizenship and jurisdictional amount, but neither plaintiff nor defendant resides in this judicial district.

Plaintiff contends, however, that pursuant to the Non-Resident Motor Vehicle Act of Pennsylvania, the appointment of a statutory agent, as required by State law, upon whom service of process can be made, constitutes consent to be sued in a Federal court of Pennsylvania, and waives the venue requirements of the Federal statute.

The crux of the question, therefore, resolves itself into a determination as to whether under Section 1201 of the Pennsylvania Vehicle Code the non-resident defendant waived the venue requirements of 28 U.S.C.A. § 1391(a, c).

Venue is a personal privilege which may be either expressly or impliedly waived by a defendant. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252; Knott Corp. v. Furman, 4 Cir., 163 F.2d 199.

When defendant operated its vehicle on the public highways of Pennsylvania, although a resident of Texas, it subjected itself to the law of Pennsylvania and, in effect, consented to be sued in the State courts and submitted itself to the venue of the courts. Urso v. Scales, D.C., 90 F.Supp. 653.

Had the non-resident plaintiff in the present action begun his suit in a State court in this judicial district, the non-resident defendant could have removed it to this Federal court. Lee v. Chesapeake & Ohio Railway Co., 260 U.S. 653, 43 S.Ct. 260, 67 L.Ed. 443.

Certainly it would prove an anomaly, and the interests of justice would not be subserved, if the non-resident plaintiff could sue the non-resident defendant in a State court but not in a Federal court, when the defendant could have removed the State-court case to the Federal court.

A non-resident operating a vehicle or consenting to the operation of a vehicle upon the highways of a state where a non-resident motor vehicle act such as prevails in Pennsylvania is in effect, waives venue in both State and Federal courts in actions arising out of an accident on the state highways. Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., supra; Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

In the event the complaint in this proceeding is dismissed, the plaintiff would have but one federal forum open to him— the Federal courts of Texas.

The plaintiff in this proceeding resides in Buffalo, New York, a relatively short distance from the district in Pennsylvania where this case would be tried. Most, if not all, witnesses conversant with the facts of the accident reside in Pennsylvania. The locale of the accident might well be an area of Pennsylvania with which most jurors of this district would be familiar.

To compel the plaintiff to proceed to trial in the State of Texas, in order to maintain federal jurisdiction, would prove highly inequitable and would radically jeopardize a fair and expeditious administration of justice.

I am conclusively satisfied that a non-resident's use of the Pennsylvania highways operated as an implied waiver of the venue requirement of the Federal statute. Jacobson v. Schuman, D.C., 105 F. Supp. 483; Garcia v. Frausto, D.C., 97 F. Supp. 583; Burnett v. Swenson, D.C., 95 F. Supp. 524; Urso v. Scales, D.C., 90 F. Supp. 653; Morris v. Sun Oil Co., D.C., 88 F.Supp. 529; Archambeau v. Emerson, D.C., 108 F.Supp. 28.

I am cognizant of holdings to the contrary of the views herein expressed. Waters v. Plyborn, D.C., 93 F.Supp. 651; Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53.

With due deference to the opinion of Judge Albert B. Maris in the latter case, I am of the belief that a significant distinction pertains as between the Pennsylvania Non-Resident Motor Vehicle Act involved in the present proceeding, and the Massachusetts Act upon which Judge Maris premised his conclusions.

The Pennsylvania Act specifically applies the Non-Resident Motor Act provisions to any "suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania or in the United States District Courts of Pennsylvania", while the Massachusetts Act, G.L.Mass. (Ter.Ed.) c. 90, §§ 3A, 3B, makes no reference to application of the statute to proceedings in the United States District Courts.

I deem the two statutes distinguishable and it is my considered judgment that the

rule enunciated by the First Circuit should not be applied in the present instance.

The order of September 3, 1952 granting motion to dismiss will be vacated.

An appropriate order is entered.