### OLBERDING et al. v. ILLINOIS CENT. R. CO.
No. 11587.

United States Court of Appeals
Sixth Circuit.
Feb. 12, 1953.

W. C. Welborn and Wm. L. Mitchell, Evansville, Ind., Milford M. Miller, Evansville, Ind., on brief, for appellants.

James G. Wheeler, Paducah, Ky., Joseph H. Wright, Gen. Counsel, and Chas. A. Helsell, Gen. Sol., Chicago, Ill., Doolan, Helm, Stites & Wood, Louisville, Ky., of counsel, Thos. J. Marshall, Jr. and Wheeler & Marshall, Paducah, Ky., on brief, for appellee.

Before ALLEN, MARTIN and Mc-ALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

In the district court, a judgment was entered for plaintiff [now appellee] on the verdict of a jury awarding $37,500 damages for the negligent operation of a large motor vehicle which was transporting a piece of heavy machinery on a highway in McCracken County, Kentucky. The sole issue on appeal is a challenge to the venue of the United States District Court and the validity of the service of process on appellants.

Jurisdiction in the district court was grounded on the diversity of citizenship of the parties, the plaintiff railroad company having been incorporated under the laws of Illinois and appellants being residents of the State of Indiana. Service of process was rested upon Kentucky Revised Statutes 188.020 and 188.030, wherein it is provided: "Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within this state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State his agent for the service of process in any civil action instituted in the courts of this state against the operator or owner arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved."

Upon the authority of the hereinafter cited cases, we think the action fell plainly within the venue of the United States District Court and that the service of process under the foregoing Kentucky statutes was valid.

In Nierbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 170, 174, 60 S.Ct. 153, 84 L.Ed. 167, the Supreme Court held that a foreign corporation which, in conformity with a valid state statute as a condition upon which it was privileged to do business within the state, designated an agent upon whom service of process could be made had given effective consent to being sued in the federal courts of that state. Compare Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853. See also Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, wherein it was held that a Massachusetts statute was valid where it declared that the use of the state's highways by a nonresident motorist shall be deemed equivalent to an appointment by him of the registrar as his attorney upon whom process may be served in any action growing out of any accident or collision in which the nonresident may be involved while operating a motor vehicle on the state's highways. Cf. Mississippi Publishing Corpora-

584

tion v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185.

A comprehensive opinion with which we are in accord is Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, 204. In that case, Judge Parker states: "It is well settled that appointment of an agent upon whom service of process can be made within a state waives the provision of the federal venue statute, so that a defendant may be sued in the state in the federal court as well as in the state court, if the case is within the federal jurisdiction. [Citing the Nierbo and Schollenberger cases.] * * * Applying to the case at bar the 'common sense' which Chief Justice Waite is said by the Supreme Court to have applied in the Schollenberger case, we think it clear that with respect to waiving the provisions of the federal venue statute there can be no distinction between the consent to suit and service of process implied from doing business in the state and that arising out of appointment of a process agent, so that where a foreign corporation has given such consent as subjects it to suit in the courts of the state, the same consent subjects it to suit in the federal courts there sitting if the elements of federal jurisdiction are present. Or to put the matter concretely, the consent implied from doing business in the state not only authorizes suit in the courts of the state, with service of process upon a designated state officer, but also waives the provisions of the federal venue statute so that suit can be brought in the federal court, if the elements of federal jurisdiction are present."

A well reasoned district court opinion, written by Judge Vaught, is directly in point in sustaining venue and service in this case. Burnett v. Swenson, D.C.W.D. Okl., 95 F.Supp. 524. See also Kostamo v. Brorby, D.C.Neb., 95 F.Supp. 806; Morris v. Sun Oil Company, D.C.Md., 88 F. Supp. 529, opinion by Judge Chesnut; Urso v. Scales, D.C.Pa., 90 F.Supp. 653. We are not in accord with the opinion in Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53.

The judgment of the district court is affirmed.