## BURKE v. GREER et al.
### Civ. A. No. 1004.

United States District Court
M. D. Georgia, Macon Division.

Sept. 18, 1953.

E. W. Maynard, H. T. O'Neal, Jr., Carlton Mobley, Macon, Ga., for the plaintiff.

Martin, Snow & Grant, Macon, Ga., for defendants J. C. Greer, Wallace Mac Greer.

Harris, Russell, Weaver & Watkins, Macon, Ga., for defendant James H. Vaughn and other defendants.

DAVIS, Chief Judge.

In this case the plaintiff seeks to recover on account of personal injuries, which he alleges were sustained as a result of the joint negligence of Wallace Mac Greer and James H. Vaughn, drivers of the two vehicles involved in an accident. Joined as defendants are J. C. Greer, owner of the vehicle in which the plaintiff was riding, and Alex S. Boone, Jr., doing business as the B. & B. Construction Company, the owner of the other vehicle involved.

The accident occurred in Bibb County, Georgia, within the Macon Division of the Middle District of Georgia. Both of the Greers are residents of Alabama and Vaughn and Boone are residents of Wilkinson County, Georgia, within the Macon Division of the Middle District of Georgia. The plaintiff is a resident of Tennessee. Jurisdiction is based on diversity of citizenship and the jurisdictional amount is present.

Suit was filed in this District and service was had on the nonresident defendants Greer in accordance with the Non-Resident Motorists Statute of Georgia, § 68–801, Ga. Code Ann. A motion to dismiss was filed on behalf of the defendants Greer, on the grounds that under 28 U.S.C.A. § 1391(a) the Middle District of Georgia is not the proper venue, since it is not the residence of the plaintiff or of all of the defendants.

The motion came on for a hearing and memoranda of authorities were submitted.

This question is one which has received frequent consideration in the Federal Courts and, with rare exception, the Courts, considering statutes very similar to § 68–801 of the Georgia Code Ann., have held that nonresident motorists, by using the highways of the state, not only consent to be sued in both state and federal courts of the state, but also waive the provisions of 28 U.S.C.A. § 1391(a) as to venue. That the benefits of this section can be waived has long been decided.

This Court is of the opinion that, in view of the decisions of Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 128 A.L.R. 1437, and Knott Corporation v. Furman, 4 Cir., 163 F.2d 199, the aforementioned holdings represent the sounder view of the question.

In a well reasoned opinion, in Archambeau v. Emerson, D.C., 108 F.Supp. 28, the Court discusses at length the question here presented and, in language which coincides with this Court's views, disposes of every point raised by the movants here. Similar statutes have been construed with the same result in the following cases: Olberding v. Illinois Central R. Co., 6 Cir., 201 F.2d 582; Jacobson v. Schuman, D.C., 105 F.

Supp. 483; Garcia v. Frausto, D.C., 97 F. Supp. 583; Burnett v. Swenson, D.C., 95 F.Supp. 524; Urso v. Scales, D.C., 90 F. Supp. 653; Morris v. Sun Oil Co., D.C., 88 F.Supp. 529; Steele v. Dennis, D.C., 62 F. Supp. 73; Krueger v. Hider, D.C., 48 F. Supp. 708.

The Court is aware of and familiar with the decisions in Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53, and Waters v. Plyborn, D.C., 93 F.Supp. 651, but must respectfully disagree with the holdings of these Courts.

The Court is also aware of the recent decision of the Third Circuit in the case of McCoy v. Siler, 205 F.2d 498, 500, in which it was said: "There is no hardship on the plaintiff if he cannot get into federal court in the Eastern District of Pennsylvania. The state court is open to him." This Court must respectfully disagree with this view. In the case of McCoy v. Siler there might be no hardship in view of the fact that neither party was a resident of Pennsylvania. Thus, there is no reason for local prejudice for or against either party in this case.

The case at bar, however, points up the fact that such a holding may produce a hardship in one case though it may not in another. Here we have four defendants, two of whom are residents of Georgia. To hold that the venue provision has not been waived would put the plaintiff to an election. He could sue two defendants in Georgia in the Federal Court and two in Alabama in the Federal Court, in which case he would run the risk of having two juries return verdicts against him, even though both juries might feel that he was entitled to recover against the nonresident defendants. If he does not wish to run this risk, he can sue all defendants in the state court in Georgia, in which case he is forced to forego the protection of the diversity statute, which was designed to protect him from local prejudice. This Court is, therefore, convinced that such a holding would work a prejudice on this plaintiff. A holding that the venue provision is waived by the use of the highways could work no hardship on either of these defendants. The local defendants are suable in the Federal Court in this District in any event. The Alabama defendants will be no more inconvenienced by a trial in this court than by a trial in the state courts of Georgia. This holding deprives the defendants only of an advantage which this Court feels to be an unfair one. This Court must disagree with the holding of the majority in McCoy v. Siler, supra, but finds itself in accord with the dissent of Chief Judge Biggs.

The *motion to dismiss for improper venue* is, therefore, denied.