ZABIN v. BUXTON et al.

MILLENS v. SEGAL et al.

Civ. Nos. 1306, 1476.

United States District Court
D. Vermont.
May 3, 1954.

Civ. No. 1306:

John D. Patterson, Montpelier, Vt., for plaintiff.

Hunt & Hunt, Montpelier, Vt., and Edmunds, Austin & Wick, Burlington, Vt., for Charles Carr Buxton.

Charles F. Ryan, Rutland, Vt., for Clark F. Harrington.

Civ. No. 1476:

Gelsie J. Monti, Barre, Vt., for plaintiff.

Edmunds, Austin & Wick and Latham & Peisch, Burlington, Vt., for Norman Edward Segal.

Clayton H. Kinney, Rutland, Vt., for Charles Wilson Crouch.

GIBSON, District Judge.

In each of these civil actions, motions were filed by the defendants seeking to amend the answers by pleading improper venue. Since the motions are founded upon identical propositions of law and since hearings on these motions were held on the same day, they are being decided together.

Each case is for negligence arising out of an automobile collision which occurred in this State. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. None of the parties resides in this State and service of the complaints was effected under the Vermont Non-Resident Motorist Statute. Sec. 10,062, Vt.Stats., Rev. of 1947. The Zabin case was filed June 18, 1952, and the Millens case on July 25, 1953. In the latter case, defendant Crouch was brought into the proceedings by an amended complaint which was filed on September 9, 1953. Answers joining issue were filed in each case.

Following the decision of the United States Supreme Court in Olberding v. Illinois Central R. Co., Inc., 346 U.S. 338, 74 S.Ct. 83, each of the defendants in these two cases (with the exception of defendant Harrington in the Zabin case) moved to amend his answer by adding a plea of improper venue under 28 U.S.C. § 1391.

The Olberding case, supra, held that one who drove his automobile on the highways of a state wherein he was not a resident did not thereby consent to be sued in the Federal Court in that state; in other words, he did not automatically waive his rights under the venue provisions of 28 U.S.C. § 1391. The decision in this case was handed down by the Supreme Court on November 9, 1953, nearly a year and a half after the commencement of the Zabin case, and from two to four months after the filing of the respective complaints in the Millens case. In each of the cases now under consideration, issue was joined well in advance of the Olberding decision.

■■ It cannot be doubted that venue is a personal privilege which may be waived. Section 1406(b) of Title 28 U.S.C. (which section is the conclusion of Chapter 87, controlling venue in District Courts) provides that "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." Cf. Graver Tank & Manufacturing Corp. v. New England Terminal Co., 1 Cir., 125 F.2d 71. Had the defendants filed motions to dismiss on the grounds of improper venue, this Court would have been justified in denying said motions on the grounds of waiver. Instead, the defendants have moved to amend, presumably under Rule 15, Federal

Rules of Civil Procedure, 28 U.S.C. To grant these motions would be to circumvent the waiver doctrine and would cause unnecessary delay and additional expense.

In each case, the motion is denied. Let entry be made accordingly.